BAUGHAM v. WILLACY COUNTY WATER CONTROL & IMPROVEMENT DIST. NO. 1 et al.

No. 3193.

Court of Civil Appeals of Texas. Beaumont.

Jan. 13, 1938.

Rehearing Denied Jan. 19, 1938.

Gaines, Gaines & Roberts, of San Antonio, for appellant.

W. P. Dumas, of Dallas; Smith, Smith & Hall, of Edinburg, and Jesse G. Foster and R. F. Robinson, both of Raymondville, for appellees.

COMBS, Justice.

M. A. Baugham, property owner and taxpayer in the Willacy County Water Control & Improvement District No. 1, brought this suit for himself and for the use and benefit of all other property owners of the district. The district and its board of directors were named as defendants. The purpose of the suit, as stated by the appellant in his brief, was to determine the validity of a contract proposed to be entered into between the district and the PWA, an agency of the federal government, for the construction of an irrigation project within said district and for the issuance by the district and purchase by the government of certain improvement bonds for financing the project. The plaintiff sued to enjoin the making of the contract and upon a trial to the court without a jury the suit was denied, and he has appealed.

The Willacy County Water Control & Improvement District No. 1 embraced 129,000 acres of land in the counties of Willacy and Hidalgo as a conservation and reclamation district. It was first organized under general law in 1926. In 1929, at a special election, the voters authorized the issuance of bonds of the district in the amount of $7,500,000, and authorized the levying, assessment, and collection of an ad valorem tax on all of the taxable property of the district for the payment of said bonds and interest thereon. By act of the Legislature, chapter 166, Acts of 1929, Regular Session, said district was constituted a conservation and reclamation district under article 16, section 59 of the Constitution of the state of Texas, and the provisions of chapter 25 of the General Laws, 39th Legislature, Regular Session, as amended by chapter 107 of the General Laws, 40th Legislature, First Called Session, Vernon's Ann.Civ.St. art. 7880—1 et seq. Said act validated and approved all former acts and proceedings of the district, and specifically approved its prior act in authorizing by vote the issuance of the bonds and the levying of the ad valorem tax for their payment. Thereafter, approximately one and one-half million dollars of said bonds were issued but were not sold because the bond market was low. Said bonds, however, were pledged as security for "interim bonds" issued for the purpose of raising money for making surveys, purchasing right of way, and beginning the installation of an irrigation system.

March 1, 1934, the contract in question was entered into with the PWA. Certain changes and amendments were made subsequently and before the filing of this suit. The contract, which is fully pleaded, is quite lengthy. Suffice to say that it provides for the construction of a system of irrigation according to approved plans and specifications at a total cost of $4,853,000. Of that amount the government is to contribute $890,000 and the balance of $3,963,000 is to be contributed by the district by the issuance of bonds of that amount out of the original issue of $7,500,000; said bonds to be purchased by the government. It is also provided that refunding bonds be issued to take up and retire the outstanding interim bonds; said refunding bonds to be subordinate to the bonds purchased by the government. In accordance with the contract the board of directors passed the necessary orders issuing said bonds and levying an ad valorem tax on all of the taxable property of the district for payment of the principal and interest as it accrues. The contract also provides for placing the funds in a special deposit, and for their payment on approved estimates of the government engineer, etc.

Appellant concedes that the district was legally constituted and that the bonds in the amount of $7,500,000 were legally and validly authorized to be issued. He predicates this suit upon a contention that to carry out the contract between the district and the PWA will result in supplying irrigation to only a part of the lands of the district, and that a large part of the lands within the district, including his own, will receive no benefit from the proposed irrigation project, and consequently that the levying of

an ad valorem tax upon all the property of the district, for financing the project, is an unfair and discriminatory apportionment of the cost, resulting in illegal discrimination against the plaintiff and other landowners similarly situated.

In that connection the trial court found that the particular project covered by the contract will provide irrigation for 74,700 acres of land; that said acreage was all the land in said district that was cleared and ready for cultivation at the time the contract in question was made. He further found that it was the intention of the district and its board of directors to extend irrigation to the remaining lands of the district, including the plaintiff's, when and as needed, and that the bonds remaining of the issue of $7,500,000 after the issuance and sale of the bonds contemplated by the contract, will be of a par value in excess of the amount required to complete the irrigation system throughout the district. The findings of the trial court are not challenged by any assignment of error.

### Opinion.

Reference to the special act incorporating the appellee district will show that the Legislature, in the passage of the act, determined that all taxable property in the district would be benefited by reason of the construction of the irrigation project contemplated by the district at the time it voted the $7,500,000 in bonds. The act specifically authorized the board of directors "to levy upon and against all of the taxable property in said District, and to collect, in the manner and at the times now or hereafter provided by Chapter 25, of the General Laws passed at the Regular Session of the Thirty-ninth Legislature, and all amendments thereto, sufficient taxes to pay the interest on said bonds and to provide a sinking fund sufficient for the payment of said bonds at maturity." Acts 1929, c. 166, § 5. It would seem that the determination of benefits so made by the Legislature and the authorization of a tax based thereon is final, precluding all inquiry thereon in the courts unless the method prescribed is one "so arbitrary and unfair as to amount to an abuse of legislative power." Texas & Pac. Railway Co. v. Ward County Irrigation Dist., 112 Tex. 593, 251 S.W. 212, 214; Dallas County Levee District v. Looney, 109 Tex. 326, 207 S.W. 310. As we understand the appellant's brief, the soundness of this proposition is not questioned since he concedes the validity of the bonds. His contention is that the proposed contract, instead of contemplating the completion of an irrigation system for the entire district, proposed to segregate and improve only a part of the lands of the district and so it is unfair and unjust to levy an ad valorem tax for defraying the cost of the project upon the lands which will not be irrigated by it.

Plaintiff's contention is grounded upon the erroneous assumption that lands in the district which are not to be irrigated by the project covered by the proposed contract will not be benefited. We do not believe that the carrying out of the proposed improvement as contemplated in the contract will unlawfully discriminate against the plaintiff. True the improvement project contracted for will irrigate only 74,700 acres of the total area of 129,000 acres of land in the district. But that fact alone does not establish that the unirrigated area, including the appellant's land, will not be benefited by the improvement or that the ad valorem tax will not be a fair and equitable distribution of the cost in proportion to the benefits received. The facts are that the remaining lands can be irrigated when cleared and made ready for cultivation, and the district, acting through its board of directors, intends to extend irrigation to all of said lands. Obviously, the lands of the district not intended to be irrigated by the improvements made under the present contract will nevertheless receive a substantial benefit from the construction of the irrigation system. Their availability for irrigation, and their inclusion in the district where an irrigation system is to be placed in operation will naturally and inevitably add to their desirability for farming purposes, and so enhance their value. See Oregon Short Line Railway Co. v. Pioneer Irrigation Dist., 16 Idaho 578, 102 P. 904.

There is also the further fact, as found by the trial court, that the district and its board of directors have not abandoned the original intention to provide irrigation for all of the lands of the district from the proceeds of the bond issue. Instead, they are merely pursuing a policy of issuing a part of the bonds and building the irrigation system as needed. In the City of Austin v. Valle, Tex.Civ.App., 71 S.W. 414, writ refused, it was held that when a large public enterprise is contemplated, which will require several years for its completion, the bonds authorized for

the purpose need not be issued all at one time, but may be issued as the demands of the work may require. The holding has application here. The district has begun an extensive plan of constructing a large irrigation system. Obviously, the work cannot be completed in a short time. It may require years to complete. Apparently the Legislature took such fact into consideration when passing the act incorporating the appellee district. The act provides that "said bonds, as and when issued and sold at any time or from time to time, shall be, and are hereby declared to be, the legal, valid and binding obligations of said District." Acts 1929, c. 166, § 5. Since all of the lands of the district are not ready for irrigation, it is but a prudent and common-sense practice for the governing board to extend the irrigation system as conditions may require, and to issue bonds from time to time as needed.

In the meantime the assessment of taxes on the basis of value may be as fair and equitable distribution of the cost of the improvement as could be devised. On the record before us, we think it may be reasonably inferred that the property throughout the district will be relatively benefited and that the increase in values will be reasonably proportionate to the benefits. And so a tax "imposed according to its relative value will, with fair approximation, represent the benefit and be in just proportion to the benefit, which is the end of the law in such taxation." Dallas County Levee Dist. v. Looney, 109 Tex. 326, 207 S.W. 310, 314; Texas & Pac. Ry. Co. v. Ward County Irrigation Dist., 112 Tex. 593, 251 S.W. 212. In any case the appellant certainly came far short of establishing that the carrying out of the proposed contract would result in illegal discrimination against him.

There is also a suggestion that the contract is illegal because it lodges large powers in the federal government and its engineer, with reference to the carrying out of the proposed improvement, thereby unlawfully infringing upon the duties and prerogatives of the board of directors, as fixed by law. The contention is overruled. The contract contemplates detailed plans and specifications agreed upon by the governing board of the district. We think the board of directors had ample authority to enter into the contract providing for proper control and supervision over the work by the federal government, as a prerequisite for securing a federal grant, and the cooperation of the federal government in carrying out the project. Such contract is obviously in the public interest, and the power conferred by law upon the board to build the irrigation system for the district clothed it with reasonable discretion with reference to making advantageous contracts for the performance of their duty. Such grants of power should be liberally construed in an endeavor to accomplish the purpose of the grant. Arkansas County v. Coleman-Fulton Pasture, 108 Tex. 216, 191 S.W. 553; First National Bank of Port Arthur v. City of Port Arthur, Tex.Civ.App., 35 S.W.2d 258.

The judgment of the trial court is affirmed.