GEORGE C. WESTERVELT V. H. L. YATES, CHAIRMAN, ET AL.

No. A-886. Decided May 13, 1946.
(194 S. W., 2d Series, 395.)

*Joe J. Alsup, B. D. Tarlton* and *J. D. Todd, Jr.*, all of Corpus Christi, for petitioner.

*Greenwood, Johnson & Phillips, Paul G. Greenwood* and *H. L. Yates* (in pro se) all of Harlingen, for respondents.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

Relator, Judge George C. Westervelt, who is now judge of the Criminal District Court of Nueces, Kleberg, Kenedy, Willacy and Cameron Counties, and a resident of Nueces County, filed on April 11, 1946, with the Democratic Executive Committee of Cameron County a request or application, in due form and properly executed, that his name be placed on the official ballot as a candidate for nomination to the office of district judge of the said district at the Democratic primary election to be held on July 27, 1946. The executive committee, composed of respondent H. L. Yates as chairman and the other respondents as members, rejected the request or application on April 13, 1946, and refuses to certify relator's name to be placed on the ballot.

■ Relator has filed in this court a petition for writ of mandamus to compel respondents to accept his request or application and to certify his name to be printed on the official ballot. This court has jurisdiction to entertain the petition and to issue the writ. Section 1 of Chapter 4, Acts Fourth Called Session, 41st Legislature ,page 4) (Vernon's Annotated Civil Statutes, Article 1735a) ; Love v. Wilcox, 119 Texas 256, 28 S. W. (2d) 515, 70 A. L. R. 1484.

The executive committee of Cameron County, as its resolution or order shows, rejected relator's application because of an Act of the Legislature passed in May, 1945, and effective January 1, 1947, which purports to make the Criminal District Court of Nueces, Kleberg, Kenedy, Willacy and Cameron Counties a court of general jurisdiction in a district composed of Willacy and Cameron Counties only and known as the 107th judicial district. Acts Regular Session, 49th Legislature, Chapter 300, pp. 472-474. Relator takes the position that the Act of the Legislature is unconstitutional and void because it undertakes to amend a law, or laws, by reference to its title, and thus is in violation of Section 36, Article III of the Constitution of the State, which provides: "No law shall be revived or amended by reference to its title; but in such case the act revived, or the

section or sections amended, shall be re-enacted and published at length."

The Act of Legislature here involved affects by its terms the district courts of three existing judicial districts, that is, the Criminal District Court of Nueces, Kleberg, Kenedy, Willacy and Cameron Counties, and the district courts of the 28th and 103rd judicial districts. We need not trace the history of these judicial districts, it being sufficient to refer to Chapter 79 of the Acts of the Regular Session of the 39th Legislature (1925) pp. 243 and following, which amended, by rewriting them, three prior acts of the Legislature, and the substance of which Chapter 79 now appears in the Revived Civil Statutes as Sections 28 and 103 of Article 199. The first part of Section 28 of Article 199 relates to the Criminal District Court of Nueces, Kleberg, Kenedy, Willacy and Cameron Counties. It gives to that court all criminal jurisdiction and jurisdiction to try all divorce suits and suits for the collection of delinquent taxes that had been vested in the district court of the 28th district, and it fixes the terms of the Criminal District Court in each of the five counties. The second part of Section 28 provides that the 28th district shall be composed of the counties of Kenedy, Nueces and Kleberg, and it fixes the terms of court in each of those counties. Section 103 of Article 199 includes that part of Chapter 79 of the Acts of 1925 that created the 103rd judicial district, composed of Cameron and Willacy Counties, and that fixed the terms of court for each of the two counties in the district. Section 28 of Article 199 was rewritten in 1927 so as to rearrange the terms of court in the 28th district (Chapter 64, Acts Regular Session, 40th Legislature) ; and Section 103 was rewritten in 1943 so as to rearrange the terms of court in the 103rd district (Chapter 191, Acts Regular Session, 48th Legislature). There is no Section 107 of Article 199 in the Revised Civil Statutes, and it appears that there was no 107th judicial idstrict at the time of the enactment of Chapter 300, Acts Regular Session, 49th Legislature.

As shown by the caption, the body and the emergency clause, the general purposes of the Act of the 49th Legislature (Chapter 300) are: to change the name of the Criminal District Court of Nueces, Kleberg, Kenedy, Willacy and Cameron Counties to the 107th district court, giving it general jurisdiction but requiring it to give preference to criminal cases, limiting its territorial jurisdiction to the counties of Willacy and Cameron and authorizing the court as thus changed to try all cases pending on the docket of the Criminal District Court of Nueces, Kleberg,

Kenedy, Willacy and Cameron Counties, in the counties of Cameron and Willacy; to make the district court for the 28th judicial district, composed of Nueces, Kleberg and Kenedy Counties, a court of general jurisdiction and to transfer to that court all cases pending on the docket of the Criminal District Court of Nueces, Kleberg, Kenedy, Willacy and Cameron Counties, in the counties of Nueces, Kleberg and Kenedy; and to make the 103rd district, composed of Cameron and Willacy Counties, a court of general jurisdiction but to require it to give preference to civil cases.

■ The first sentence of section 1 of the Act is: "Amend sections 28, 103 and 107 of Article 199 of the Revised Civil Statutes of Texas and all amendments thereto, so as to renumber the same and hereafter read as follows." The Act then proceeds to undertake to rewrite in its sections numbered 1 to 7, inclusive, sections 28 and 103 of Article 199 of the Revised Civil Statutes in such way as to accomplish the general purposes of the Act as stated above. Because the Act affects three judicial districts and some of its several provisions apply to more than one of the districts and their courts, it appears on first examination somewhat involved and suggests that instead of rewriting and re-enacting the sections of Article 199 referred to, it may merely change the sections by adding to them or substituting in place of certain language in them certain other language, and that thus it may be an attempt to amend the sections by reference. Careful examination of the entire Act, however, convinces us that it is not an amendment of that character, but that it is, as its first sentence declares it to be, an amendment by rewriting sections 28 and 103 of Article 199, and re-enacting those sections as rewritten.

To test the foregoing conclusions, we compare the provisions as to the three districts and their courts appearing in sections 28 and 103 of Article 199 of the Revised Civil Statutes with the provisions as to the three districts and their courts which are set out in the new Act. The first part of section 28 in the Revised Civil Statutes, which relates to the Criminal District Court of Nueces, Kleberg, Kenedy, Willacy and Cameron Counties continues that court as theretofore established, gives to it all of the jurisdiction in criminal cases, divorce cases, and suits for delinquent taxes that was theretofore vested in the district court of the 28th district, provides for the election of a judge of the said criminal court and the election of a district attorney, and it fixes the time for the holding of terms of court and the duration of the terms in the several counties.

The Act of the 49th Legislature provides that on its effective date the Criminal District Court of the five counties shall become a court of general jurisdiction, both civil and criminal, and shall be composed of the counties of Willacy and Cameron only, known as the 107th judicial district, and shall have concurrent jurisdiction with the 103rd district court within the said two counties, directs the transfer to the 28th district court of all cases in Nueces, Kleberg and Kenedy Counties pending on the docket of the said criminal district court, and the placing on the docket of the 107th district court of all cases in Cameron and Willacy Counties pending on the docket of the criminal district court, provides that the district attorney of the criminal district court shall serve as district attorney of the 28th judicial district, and that the county attorneys of Willacy and Cameron Counties shall represent the State of Texas in criminal cases in said respective counties, and fixes the number of terms and times for the beginning and the ending of the terms of court in each of the two counties composing the 107th district.

The second part of section 28 of Article 199 of the Revised Civil Statutes and its amendment in 1927 provides that the 28th judicial district shall be composed of Kleberg, Nueces and Kenedy Counties, and fix the time when the terms of court in each of said counties shall be held, and the length of the terms. The new Act provides that the 28th judicial district shall be composed of the counties of Nueces, Kleberg and Kenedy, shall be a court of general jurisdiction, concurrent in Nueces County with the 94th and 117th district courts, and it contains the provisions above stated for transfer of cases from the docket of the criminal district court and as to representation of the state in said counties by the district attorney of the criminal district court. The new Act does not by its own terms prescribe terms of court in the 28th district, but provides that the terms of court shall continue "as now provided by law" for the courts in the said district.

Section 103 of Article 199 of the Revised Civil Statutes, as amended in 1943, shows that the 103rd judicial district is composed of Cameron and Willacy Counties, and it fixes the terms of court for the two counties in the district. The Act of the 49th Legislature provides that the 103rd district shall continue to be composed of Willacy and Cameron Counties, and shall be a court of general jurisdiction, but shall give preference to civil cases. As is true with respect to the 28th judicial district, the new Act does not fix the term of court for the 103rd district, but provides that the terms for the courts of the counties in the district shall continue "as now provided by law."

Thus it is shown that the new Act is a complete act in itself, covering by its own language and terms all of the material provisions of sections 28 and 103 of Article 199 of the Revised Civil Statutes, and the amendments thereto, save only that it does not by words appearing in the Act itself fix the terms of court for the 28th and 103rd districts. Instead, the sixth section of the Act states:

"Nothing contained in this Act shall affect the present terms of the 28th and 103rd Judicial Districts, but said terms shall continue as now provided by law for said respective Courts."

█ The effect of this section of the Act is to adopt by reference the terms and provisions of the existing statutes as to the terms of court in said districts, and thus to make them part of the new Act. With this adoption by reference the Act becomes a complete act. Such legislation by reference to existing statutes has generally been recognized as valid. Quinlan v. H. & T. C. Ry. Co., 89 Texas 356, 370-372, 34 S. W. 738; Trimmier v. Carlton, 116 Texas 572, 579, 296 S. W. 1070; Dallas County Levee District No. 2 v. Looney, 109 Texas 326, 331-332, 207 S. W. 310; 50 Am. Jur. pp. 57-59, secs. 36-39, 59 C. J. pp. 609-610, sec. 165.

The Quinlan case and the Dallas County Levee District case hold that an act of the Legislature which by reference incorporates an existing statute, or part of an existing statute, into the new act, is not open to attack as an attempt to amend that statute by reference to its title. The Quinlan case is directly in point. There attack was made upon part of an act of the Legislature which granted certain rights and privileges to a railroad company. The twelfth section of the act in express terms extended to the railroad company the privileges of earning lands which were granted to other railroad companies by the general law of January 30, 1854, without setting out the provisions of that general law. The contention was made that the section of the act was in conflict with Section 25 of Article VII of the Constitution of 1845 then in force, which section is in substantially the same language as that of Section 36 of Article III of the Constitution of 1876. The court held that if the section of the act could be deemed an amendment in any sense of the word, it was not such an amendment as was contemplated by that section of the Constitution.

This case is not ruled by Henderson v. City of Galveston, 102 Texas 163, 114 S. W. 108. The act that was held invalid by that decision was named an amendment of a section of an existing statute and did not rewrite or re-enact that section, but

undertook to amend it by adding a provision to it. Chapter 300 of the Acts of the Regular Session of the 49th Legislature is not of that character; and in our opinion it is, for the reasons stated, and in view of the authorities cited, a complete act, and is not an amendment forbidden by Section 36 of Article III of the Constitution of Texas.

The petition for writ of mandamus is refused. Since an emergency exists on account of the early expiration of the time within which requests may be filed for the placing of names on the ballot as candidates for nomination to district offices in the Democratic primary election, the judgment here rendered is made immediately final and no motion for rehearing will be entertained.

Opinion delivered May 13, 1946.