R. C. Parker et al v. San Jacinto County
Water Control and Improvement
District No. 1 et al

No. A-4782. Decided December 15, 1954.
(273 S.W. 2d Series 586)

*Jeff Cockran,* of Cleveland, *James E. Faulkner,* of Cold-springs, for petitioners.

Cited cases referred to in the opinion of the Court.

*George B. Darden,* and *Gerald Creighton, Jr.,* both of Conroe, *Kirby Kelley,* of Shepherd, *Dumas, Huguenin & Boothman* and *A. B. Huguenin,* of Dallas, for relators.

Cited Bennett v. Brown County Water Imp. Dist., 153 Texas 599, 272 S.W. 2d 498; Lovett v. Cronin, 245 S.W. 2d 519; San Antonio Union Junior College District v. Daniel, 146 Texas 241, 206 S.W. 2d 995.

Mr. Justice Wilson delivered the opinion of the Court.

The sole question presented in this direct appeal is the constitutionality of a portion of Art. 7880-3a, R.C.S. This statute delegates to a water control and improvement district the power to install a sanitary and storm sewer disposal system financed by tax supported bonds. This delegation of power is claimed to be unauthorized by the Constitution.

The defendant district has sold $50,000 worth of bonds and proposes to use the money in the construction of a sewer disposal system.

Plaintiffs (appellants here), tax-paying real property owners within the district, seek an injunction to prevent the expenditure of this money. They contend that the sewer powers conferred by Art. 7880-3a, R.C.S., are not authorized by either Sec. 52, Art. 3, or Sec. 59a, Art. 16, of the Texas Constitution, and for that reason the act is unconstitutional, citing Tri-City Fresh Water Supply District No. 2 v. Mann, 135 Texas 280, 142 S.W. 2d 945; Deason v. Orange County Water Control and Improvement District No. 1, 151 Texas 29, 244 S.W. 2d 981; and Harris County Water Control and Improvement District No. 39 v. Albright, 153 Texas 94, 263 S.W. 2d 944.

Plaintiffs' attack upon the statute fails because the power to erect and operate a sewerage disposal plant is clearly within Sec. 59a, Art. 16, Texas Constitution. The water brought into the area by the district is not destroyed by use but must be returned to the hydrological cycle. The Conservation Amendment to our State Constitution would certainly permit the purification of water before it returns to the groundwater table and the river system. The protection of the purity of the waters of this state is a public right and duty under the Conservation Amendment. Arts. 698b and 1362, Vernon's Penal Code, and Art. 4444, R.C.S., plainly declare the pollution of public waters to be against the public policy of the state and provide appropriate sanctions to implement this policy.

The judgment of the trial court is affirmed. Costs are taxed against plaintiffs below.

Opinion delivered December 15, 1954.