**Henry S. DEASON et al., Appellants,**

**v.**

**ORANGE COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NUMBER 1, Appellee.**

No. 5039.

Court of Civil Appeals of Texas.

Beaumont.

March 11, 1955.

Rehearing Denied March 30, 1955.

Baldwin & Votaw, Beaumont, for appellants.

Vinson, Elkins, Weems & Searls, Houston, for appellee.

R. L. MURRAY, Chief Justice.

The appellants filed suit in the district court of Orange County against the Orange County Water Control and Improvement District No. 1 and the directors thereof, praying for a permanent injunction enjoining and restraining the Water District and its directors from issuing and selling improvement bonds in the sum of $650,000. The bonds were voted in an election theretofore held in the district.

In the agreed statement of facts it is stated that a substantial portion of the funds to be derived from the sale of the bonds, $271,940 was for the purpose of purchasing, erecting, building, constructing and maintaining a sanitary sewage disposal plant and system. The trial court denied the relief sought and appellants have perfected their appeal to this court.

The parties filed an agreed statement of facts which contained the following:

"That the sole point at issue in this cause is the constitutionality of the statute which authorizes defendant District to issue tax supported bonds for the purpose of constructing improvements which include sanitary sewer facilities, and the sole question for determination by this Court is whether the Legislature may, under the provisions of Section 59, Article XVI, Constitution of Texas, Vernon's Ann.St., enact legislation authorizing water control and improvement districts such as defendant District to issue bonds for the purpose of constructing or otherwise acquiring sanitary sewer facilities to be used to process, collect and dispose of the domestic, industrial and communal wastes within such Districts."

The statute under attack is a portion of Article 7880-3a, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St.

The identical question presented and argued in the briefs in this court was settled in Parker v. San Jacinto County Water Control and Improvement District No. 1, Tex., 273 S.W.2d 586, adversely to the contention of appellants. We quote only the following sentence from that opinion:

"Plaintiffs' attack upon the statute fails because the power to erect and operate a sewerage disposal plant is clearly within Section 59a, Art. 16, Texas Constitution."

Since the question at issue here has been disposed of adversely to the contention of the appellants by the Supreme Court, the judgment of the trial court is affirmed.