Nicolas GARCIA et al., Appellants,

v.

Jesus GARCIA et al., Appellees.

No. 13662.

Court of Civil Appeals of Texas.

San Antonio.

April 12, 1960.

On the Merits April 22, 1960.

Rehearing Denied April 27, 1960.

622

Lloyd, Lloyd & Dean, Alice, Archer Parr, San Diego, for appellants.

Perkins, Floyd & Davis, Alice, Walter Purcell, San Diego, for appellees.

PER CURIAM.

This matter began by an original petition in this Court for stay proceedings and a temporary writ of injunction to be issued out of this Court, restraining certain members of the Executive Committee of the Democratic Party of Duval County, from acting as precinct chairmen and as members of such county committee pending appeal, because the Commissioners' Court of Duval County had abolished their voting precincts by combining such voting precincts with other voting precincts. One precinct chairman's right to represent his precinct was challenged because he had allegedly moved out of his precinct and was no longer a resident therein. Another precinct chairman's right to serve was challenged because he had been appointed, by the county committee, after the precinct of which he had been appointed chairman had been abolished by being consolidated with another precinct.

There is no contention here that the Commissioners' Court acted illegally in consolidating the voting precincts. The controversy here is as to whether the abolishing of a voting precinct, by consolidation with another precinct, had the effect of removing the chairman thereof from the County Democratic Executive Committee, and, further, whether the trial court, originally, and this Court, on appeal, have jurisdiction to pass upon this matter. The respondents herein contend that such question is one to be passed upon by the properly constituted authorities of the political party involved and not by the courts.

We agree with the contention of the respondents herein that the County Executive Committee is the judge of the qualifications of its own members, and that the courts have no primary jurisdiction to determine such qualifications.

Art. 13.43 of Vernon's Texas Election Code, V.A.T.S. provides as follows:

"Except for a place on party tickets for public elective offices, all contests within a political party shall be decided by the State, district, or county executive committee, as the nature of the office may require, each such committee to retain all such powers and authority now conferred by law."

Art. 13.43a, Vernon's Texas Election Code, provides as follows:

"Notwithstanding any other provision of this Code, and particularly notwithstanding Section 220 (now art. 13.43) thereof, the district courts of this state are vested hereby with jurisdiction to order recounts and to hear and determine election contests relative to the party offices of precinct chairman and county chairman, the same as though it were a contest for a place on a party ticket for public office.

"Any candidate for precinct chairman or county chairman, within two days after the canvass of the votes by the county executive committee, may

file in the district court an application for a recount of the votes for such office. The sum of Fifty Dollars ($50.00) in cash to cover the cost of such recount shall be deposited with the clerk at the time of filing. Thereupon it shall be the duty of the court to order forthwith a recount of such votes by three disinterested commissioners appointed by the court. The report of the commissioners showing the results of such recount shall be filed with the court at such time as the court may direct, but in no event later than five days from the date of the order of the court appointing the commissioners. Either party within three days from the filing of such report may file a contest as to such election, and the recount thereof, and the same shall be tried and adjudicated the same as though it were a contest for a place on a party ticket for public office. The court shall have the power to issue all orders and writs necessary to protect its jurisdiction and effectuate and facilitate such recount and the trial of any such election contest.

"If no contest is filed within such three-day period by either party, and there be only two candidates for such office, the court shall enter an order declaring the person receiving the highest number of votes as shown by such recount to be duly elected precinct chairman or county chairman.

"If there be more than two such candidates, and none of them is shown by the recount to have received a majority of the votes cast in such race, the court shall enter its order declaring the two persons receiving the highest number of votes to be the two candidates to be placed on the ballot for the second primary.

"In its final judgment the court shall assess the costs as in any civil suit. Appeals shall lie from the orders of the court the same as though it were a con-

test for a place on a party ticket for public office. Acts 1951, 52nd Leg., p. 1097, ch. 492, art. 220a, added Acts 1957, 55th Leg. p. 545, ch. 254, § 1."

■ This Article clearly limits the jurisdiction of the district court "to hear and determine election contests relative to the party offices of precinct chairman and county chairman." Here the precinct chairmen whom we are asked to remove from party office by temporary writ of injunction (with one exception) were all apparently elected at the 1958 precinct election, and were seated as members of the County Democractic Executive Committee of Duval County. We are asked to remove these members who were duly elected because their precincts have been abolished. The matter presented is clearly a party matter over which the proper constituted authority of the party is given exclusive jurisdiction. Carter v. Tomlinson, 149 Tex. 7, 227 S.W. 2d 795; Wall v. Currie, 147 Tex. 127, 213 S.W.2d 816; Runyon v. Kent, Tex.Civ. App., 239 S.W.2d 909; Commonwealth ex rel. Koontz v. Dunkle, 355 Pa. 493, 50 A.2d 496, 169 A.L.R. 1277; art. 13.43 Vernon's Election Code; 29 C.J.S. Elections § 88, pp. 121, 122.

Petitioners have called our attention to the fact that the Supreme Court of this State, as recently as March 25, 1960, decided the case of Baker v. Porter, 333 S.W. 2d 594, wherein the Supreme Court ordered a mandamus to issue to the County Chairmen and others requiring that the name of Oren C. Baker be placed upon the official ballot for the Democratic Primary to be held on May 7, 1960, as a candidate for the office of Sheriff, Tax Assessor and Tax Collector of Hood County.

■ The Supreme Court took jurisdiction of this matter, no doubt, by virtue of the jurisdiction given to it by the provisions of art. 1735a, Vernon's Ann.Civ.Stats. Like jurisdiction is given to the Courts of Civil Appeals of this State by the same article, but its provisions are not broad enough to

give this Court jurisdiction, in effect, by temporary injunction, to remove three duly elected members of the Democratic Executive Committee of Duval County simply because the voting precinct in which they were elected had been consolidated with another voting precinct and thereby abolished. Dick v. Kazen, 156 Tex. 122, 292 S.W.2d 913; Westervelt v. Yates, 145 Tex. 38, 194 S.W.2d 395; Roy v. Drake, Tex.Civ.App., 292 S.W.2d 848; McWaters v. Tucker, Tex. Civ.App., 249 S.W.2d 80.

Art. 13.41, Texas Election Code, also gives the courts jurisdiction to issue a mandamus to compel any executive committee or committeeman or primary officer, or other person charged with any duty relative to the holding of the primary election, or the canvassing, determination or declaration of the result thereof to perform such duties, but this article does not authorize the court to issue the temporary injunction herein sought. Davis v. Blakeley, Tex.Civ. App., 208 S.W.2d 908.

The petition for stay of proceedings and for temporary injunction pending appeal will be in all things overruled at cost of petitioners.

#### On the Merits.

This is an appeal from a judgment of the District Court of Duval County, Texas, denying in part and granting in part a temporary injunction against Jesus Garcia and others, restraining them from acting as County Precinct Chairmen and as members of the Democratic Executive Committee of Duval County.

In an opinion dated April 12, 1960, this Court refused to issue a temporary injunction enjoining those persons whom the trial court had refused to enjoin. Our reason was that this cause presented a matter to be passed upon by the proper authorities of the Democratic Party, and was not a matter over which the Courts would have jurisdiction. We are still of the same opinion.

For the reasons stated in our opinion delivered herein on April 12, 1960, we hold that neither this Court nor the trial court has jurisdiction to pass upon the matter presented.

The judgment of the trial court is reversed, and the cause, insofar as it relates to the issuance of a temporary injunction (and that is all that we have before us at this time), is dismissed at the cost of appellants.