

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 4, 1967

Hon. F. R. Booth
Executive Director
Texas Water Rights Commission
Sam Houston State Office Building
Austin, Texas    78711

Opinion No. M-116

Re: Navigation and reclamation
powers of Flamingo Isles
Municipal Utility District.

Dear Mr. Booth:

You have requested my opinion as to the constitutionality of
navigation and reclamation along the Texas coast, or coastal islands,
in the manner proposed by Flamingo Isles Municipal Utility District.
You request answers to the following questions:

1.  Is the dredging of canals which will be used for recrea-
    tional and pleasure boating and for access to houses within
    the District an authorized project for which bonds may be
    issued, under the powers of a water control and improvement
    district for navigation of its coastal and inland waters and
    the reclamation and drainage of overflowed and other lands
    needing drainage in the District?

2.  Is depositing and leveling fill on private property of a
    developer and construction of bulkheads an authorized pro-
    ject for which bonds may be issued, under the powers of a
    water control and improvement district for navigation of
    its coastal and inland waters and the reclamation and drain-
    age of overflowed and other lands needing drainage in the
    District?

This district was created by the Texas Legislature (Article 8280-327,
Vernon's Civil Statutes) and such a statute as this has been held to be
a general law as distinguished from a local or special act.  It is not
in contravention of Article III, Section 56 of the Texas Constitution.
L.C.R.A. v. McCraw, 125 Tex. 268, 83 S.W.2d 629 (1935); L.N.V.A. v.
Mann, 140 Tex. 294, 167 S.W.2d 1011 (1943); Atwood v. Willacy County Nav.
Dist., 271 S.W.2d 137 (Tex. Civ. App. 1954, Ref. N.R.E.); County of
Cameron v. Wilson, 160 Tex. 25, 326 S.W.2d 162 (1959); Sullins v. City of

- 531 -

Roma, 336 S.W.2d 814, (Tex. Civ. App. 1959, no writ). All of Chapter 3A, Title 128, V.C.S. relating to water control and improvement districts is incorporated by reference into Article 8280-327, the organic law of this district, and such laws apply when they are not in conflict with the act creating this district. Sec. 3, of Art. 8280-327; Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070 (1927); Hidalgo County W.C.I.D. No. 1 v. Hidalgo County, 134 S.W.2d 464, (Tex. Civ. App. 1939, Error Refused). It is valid to incorporate the navigation and reclamation statutes relating to general law water control and improvement districts by reference into the organic law of Flamingo Isles Municipal Utility District. Road Dist. No. 1, Jefferson County v. Sellers, 142 Tex. 528, 180 S.W.2d 138 (1944); Westervelt v. Yates, 145 Tex. 38, 194 S.W.2d 395 (1946); Newton Lumber Company v. Newton County Water Supply District, 328 S.W.2d 461 (Tex. Civ. App. 1959, no writ). Lower Nueces River Water Supply District v. Cartwright, 274 S.W.2d 199, 207 (Tex. Civ. App. 1954, Ref. N.R.E.).

The Texas Constitutional provision under which this District was organized plainly provides for "the reclamation and drainage of its overflowed lands," and for "the navigation of its inland and coastal waters." Article XVI, Sec. 59, Texas Constitution. By the provisions of certain general statutes relating to water control and improvement districts, the Legislature has declared that "such districts shall be organized and operated under the conditions, provisions, authority and restrictions" provided in Article XVI, Sec. 59 of our Texas Constitution. Articles 7880-1 and 7880-7, Vernon's Civil Statutes.

Section 3, of Article 8280-327, gives Flamingo Isles Municipal Utility District:

> ". . . all of the . . . powers . . . conferred . . . by Chapter 3A of Title 128, Revised Civil Statutes of Texas, 1925, . . . including all powers and authority relating to the navigation of its coastal and inland waters and the reclamation and drainage of overflowed lands and other lands needing drainage . . . and the issuance of bonds therefor as authorized by and provided in said Chapter . . ." (Emphasis added)

It is the opinion of this office that the project described in your request is clearly within the constitutional and statutory powers of Flamingo Isles Municipal Utility District, to-wit: reclamation, drainage and navigation. Compare Parker v. San Jacinto County Water Control & Improvement Dist., 154 Tex. 15, 273 S.W.2d 586 (1954).

Land fill along a coastline, or river, or island, has long been recognized as one of the means of reclamation of lands. 56 Am. Jur.,

Waters, Sec. 501, pages 909-10; Annot. 91 A.L.R.2d 858; Lorino v. Crawford Packing Co., 142 Tex. 51, 175 S.W.2d 410 (1943); Cox v. Dallas L.I.D., 258 S.W.2d 851 (Tex. Civ. App. 1953, Ref. N.R.E.). It was long ago recognized that the legislature could decide the size of the district and the territory to be included. Paulsen v. Portland, 149 U.S. 30 (1892); II Farnham, Law of Waters and Water Rights, Sec. 174, page 938. In Attorney General's Opinion No. O-7018 (1946) we said:

"It is our understanding that the proposed (water control and improvement) district would be organized only for the purpose of reclaiming lands which are subject to overflow and providing drainage of the excess waters."

"Section 3 (of Article 7880, V.C.S.) specifically provides that a water control and improvement district may be organized for the purpose stated."

In Smith v. Wilson, 13 F.2d 1007 (S.D. Tex., 1926), which involved a navigation district organized pursuant to Article XVI Section 59 of the Texas Constitution, Judge Hutcheson writing for the court holds at page 1010:

"(W)e think it plain that (the) contention . . . that . . . the district was formed really for a private and not a public purpose, and that the taxes were voted in violation of Article 3, § 52, and Article 8, § 3, of the State Constitution, may be disposed of summarily as, if not frivolous, certainly plainly without merit."

"Every public improvement of this nature inevitably results in benefit to private individuals; in fact, in purely assessment districts as such the union of private benefit with public good is an essential to the district, and it goes without saying that the fact that the Freeport Sulphur Company, and other persons owning property in the town of Freeport, will benefit from the improvement, does not in any manner prevent the tax levy from being public in its nature."

Article VIII, Sec. 3, Texas Constitution provides that, "Taxes shall be levied and collected by general laws for public purposes only." As stated above, Article 8280-327 is a "general law." L.C.R.A. v. McCraw, 125 Tex. 268, 83 S.W.2d 629 (1935). Davis v. City of Lubbock, 160 Tex. 38, 326 S.W.2d 699 (1959), at page 709, held that the Constitutional provision requiring taxes to be levied and collected for "public purposes"

is no narrower in meaning than the words "public use" as used in Article I, Sec. 17, Texas Constitution. While "public use" is finally a judicial question, the declaration of the Legislature upon the subject is entitled to great weight and respect in arriving at a final decision of the question. Atwood v. Willacy County Navigation District, 271 S.W.2d 137 (Tex. Civ. App. 1954, Ref. N.R.E.); Smith v. Wilson, supra; Bland v. City of Taylor, 37 S.W.2d 291 (Tex. Civ. App. 1931), affirmed in Davis v. City of Taylor, 123 Tex. 39, 67 S.W.2d 1033 (1934).

In Atwood v. Willacy County Navigation District, supra, the San Antonio Court of Civil Appeals, through Justice Norvell held that the acquisition of land by the district for the purpose of leasing the land as industrial sites in the proximity of a port is reasonably necessary to the successful operation of the port and is for a "public use" within the meaning of the Texas Constitution. In this case, the appellee district was organized in accordance with Article XVI, Sec. 59 of the Texas Constitution as was the Flamingo Isles Municipal Utility District.

By Sections 7 and 9, of Art. 8280-327, V.C.S., the Legislature has found and declared the "benefits" of the navigation and reclamation of the seashore lands, or islands. No hearing as to benefits is necessary (as is the case in a district created by general law) where the Legislature so enacts the above type of language. Southern Pine Lumber Company v. Newton County W.S.D., 325 S.W.2d 724, (Tex. Civ. App. 1959, Refused N.R.E.); State ex rel. Merriman v. Ball, 116 Tex. 527, 296 S.W. 1085 (1927); Baugham v. Willacy County W.C.I.D. No. 1, 112 S.W.2d 318, (Tex. Civ. App. 1938, Error Refused); City of Houston v. Fore, 412 S.W.2d 35, (Tex. Sup., 1967).

Navigation principally by pleasure boats, as distinguished from commercial craft does not alter the fact that such is "navigation." 12 Am. Jur.2d, Boats and Boating, Sec. 2, page 390; Mentor Harbor Yachting Club v. Mentor Lagoons, Inc., 170 Ohio 193, 163 N.E.2d 373 (1959); Nekoosa Edwards Paper Co. v. Railroad Commission, 201 Wis. 40, 228 N.W. 144 (1929); State ex rel Hammann v. Levitan, 200 Wis. 271, 228 N.W. 140 (1929); State v. Korrer, 127 Minn. 60, 148 N.W. 617, L.R.A. 1916C, 139 (1914); Lamprey v. Metcalf, 52 Minn. 181, 53 N.W. 1139 (1893); Grand Rapids v. Powers, 89 Mich. 94, 50 N.W. 661 (1891), 14 L.R.A. 498, 20 Am. St. Rep. 276; New England Trout and Salmon Club v. Mather, 68 Vt. 338, 35 Atl. 323, 33 L.R.A. 569, (1896). The right of navigation in tidal waters includes the right of anchorage which may be exercised for business purposes or for pleasure.

Anderson v. Reames, 204 Ark. 216, 161 S.W.2d 957 (1942). Public right of navigation entitles the public generally to reasonable use of navigable waters for legitimate purposes of transportation and for boating or sailing for pleasure in any kind of water craft consistent with enjoyment of right by others. Silver Springs Paradise Co. v. Ray, 50 F.2d 356 (5th Cir., 1931). The fact that the canals of Flamingo Isles Municipal Utility District will be used for recreational purposes as well as drainage is irrelevant. See Attorney General's Opinion No. C-436 (1965).

The Flamingo Isles Municipal Utility District as created by Art. 8280-327, V.C.S., and its reference statutes applicable thereto, is legally created and can lawfully issue bonds, or otherwise act in consonance with its organic laws to carry out the navigation and reclamation plan outlined in your opinion request. This opinion does not obviate the need for the Texas Water Rights Commission under Art. 7880-139, V.C.S., to perform all of its statutory duties as to the proposed plans of the Flamingo Isles Municipal Utility District to issue bonds. Full administrative discretion on behalf of the State is given your Commission under statutory guide-lines to approve, or disapprove, the project when presented. Likewise, this opinion is not to be construed as approval, or partial approval, by the Attorney General of Texas of any bonds of said district. Attorney General's Opinion No. 0-7018, (1946). Pursuant to Article 7880-34, V.C.S., such bonds may be considered only at the time same have been properly presented to this office. Therefore, the questions you have submitted cannot be answered more completely at the present time.

## S U M M A R Y

Flamingo Isles Municipal Utility District, created by Art. 8280-327, V.C.S., can lawfully engage in navigation and reclamation projects along the Texas Coast, or islands thereof, but the feasibility of such projects must be approved by the Texas Water Rights Commission pursuant to Article 7880-139,

V.C.S., and subsequent approval by the Attorney General pursuant to Article 7880-34, V.C.S., must be obtained if such projects are to be financed through the issuance of bonds.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Fainter
Paul Martin
Dyer Moore
Jack Sparks

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.