

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 17, 1967

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M- 76

Re: To what extent may the Harris
County Commissioners Court
regulate the construction
and location of fire-fighting
facilities and equipment in-
stalled and operated by a
water control and improvement
district or a fresh water
supply district when it is
proposed to locate such
facilities and equipment
in the areal confines of
Harris County roads.

Dear Mr. Resweber:

In recent letters to this office you have requested an
opinion in regard to the above referenced matter.

The answer to this question is dependent upon whether
water control and improvement districts or fresh water supply
districts are authorized to acquire and maintain fire-fighting
facilities and equipment. While this authority was granted to
such districts by statutory enactment (water control and improve-
ment districts - Article 7880-1, et seq., Vernon's Civil Statutes);
/fresh water supply districts - Article 7881, et seq., Vernon's
Civil Statutes/, the Texas Supreme Court has held that those por-
tions of the statutes granting such authority are unconstitutional
as regards water control and improvement districts.

"Section 52, Article 3, specifies that
water control and improvement districts may
issue bonds for certain purposes. The pur-
poses enumerated do not include the right to
purchase, own and operate fire engines, fire-
fighting equipment and appliances.

- 344 -

"Section 59(a), Article 16, the other
constitutional amendment involved here, contains
no language which would support a holding that
the people in enacting the amendment contemplated
that a water control and improvement district
created for the purpose of conserving and develop-
ing the natural resources of the district would
have the power to provide fire-fighting equipment
and appliances for a town within said district.

"Both constitutional amendments specify the
circumstances and purposes for which water control
and improvement districts may be organized and the
Legislature is without power to add to or withdraw
from the circumstances and purposes specified.
. . ." Deason v. Orange County Water Control and
Improvement Dist. No. One, 151 Tex. 29, 35; 244
S.W.2d 981, 984 (1952).

The Deason case was cited with approval in Harris
County Water Control and Improvement Dist. No. 39 v. Albright,
153 Tex. 94, 263 S.W.2d 944 (1954).

The holding in the Deason case, supra, is equally
applicable to fresh water supply districts. Inasmuch as water
control and improvement districts and fresh water supply districts
do not have the authority to acquire and maintain fire-fighting
facilities and equipment, the question as to the extent of the
authority of the Harris County Commissioners Court to regulate
such districts as regards the construction and location of such
facilities and equipment is not reached.

The term "fire-fighting facilities and equipment" as
used in the above holding is limited to fire engines, fire
stations and the necessary and usual equipment and appliances
therefor.

Such districts have the power to erect and operate a
sewage disposal plant. Parker v. San Jacinto County Water Control
and Improvement District No. 1, 154 Tex. 15, 273 S.W.2d 586 (1954).
If the districts, acting in pursuance to its express and implied
powers, desire to lay water lines, install outlets for dispensing
water and other necessary appurtenances, to be located within the
areal confines of the county roads, the Commissioners Court may
require that the plans and specifications relative thereto, be
submitted to the County Engineer prior to the construction thereof.
Attorney General's Opinion No. M-56 (1967), mailed to you on April
10, 1967.

## S U M M A R Y

Water control and improvement districts and fresh water supply districts do not have the authority to acquire and maintain fire-fighting facilities and equipment and thus the question as to the extent of the authority of the Harris County Commissioners Court to regulate such districts as regards the construction and location of such facilities and equipment is not reached. The laying of water lines and necessary appurtenances, in carrying out its express and implied powers, within the areal confines of county roads is controlled by Attorney General's Opinion M-56 (1967).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lewis E. Berry, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Roger Tyler
Houghton Brownlee, Jr.
Pat Bailey
Milton Richardson

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.