

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 3, 1970

Hon. John Allen, Chairman
Texas Water Resources Study
   Committee
House of Representatives
P. O. Box 12236, Capitol Station
Austin, Texas

Opinion No. M-716

Re: Does a waste water
     treatment plant quali-
     fy under the laws of
     this state as a "pro-
     ject" eligible for
     loans and partial or
     complete participation
     of ownership by the
     state from the Water
     Development Fund?

Dear Sir:

       By letter of recent date, your Committee has asked our
opinion in answer to the following question:

> "Does a waste water treatment plant
> qualify under the laws of this state
> as a 'project' eligible for loans and
> partial or complete participation of
> ownership by the state from the Water
> Development Fund?"

       We are of the opinion that a waste water treatment plant,
which is otherwise within the purview of the laws governing
the Texas Water Development Board, is within the definition of
"project" as such term is defined by the Legislature in Article
8280-9, Vernon's Civil Statutes of Texas. Section 2(f) of this
statute reads as follows:

> "(f)  'Project' means any engineering
>        undertaking or work for the pur-
>        pose of the conservation and de-
>        velopment of the surface or sub-
>        surface water resources in the
>        State of Texas, including the
>        control, storing, and preser-
>        vation of its storm and flood-
>        waters and the waters of its

> rivers and streams for all use-
> ful and lawful purposes by the
> acquisition, improvement, exten-
> sion, or construction of dams,
> reservoirs, and other water
> storage projects (including
> underground storage projects),
> filtration and water treatment
> plants including any system
> necessary for the transportation
> of water from storage to points
> of distribution, or from storage
> to filtration and treatment
> plants, including facilities for
> transporting water therefrom to
> wholesale purchasers, by the ac-
> quisition, by purchase of rights
> in underground water, by the
> drilling of wells, or for any one
> or more of such purposes or meth-
> ods."   (Emphasis added)

Filtration and treatment of water can very well be made an integral part of any water "project", whether the filtration results in producing drinking water or in clean-ing the water only sufficiently so as to be released back into a public stream, because protection of the purity of the waters of the State is a public right and duty under the Conservation Amendment (Art. XVI, Sec. 59, Texas Con-stitution).  Parker v. San Jacinto County W.C.I.D. No. 1, 154 Tex. 15, 273 S.W.2d 586 (1954); Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896, 904 (1937), stating:

> "The statute having defined the word, we are not
> concerned with its usual meaning....";

Central Power & Light Co. v. State, 165 S.W.2d 920,925 (Tex.Civ.App. 1942, error ref.) wherein the Court stated:

> "The decision in the Standard case is clearly
> grounded upon the proposition that the Legis-
> lature had itself defined what it meant to imply
> by the quoted term, and that for purposes of
> definition resort may not be had to the general
> meaning (nor, by parity of reasoning, to any
> other meaning) of the term...."

In accord, in other jurisdictions following a broad and liberal meaning as to the word "project", see Lake Ontario Land Development & Beach Protection Association v. F.P.C., 212 F.2d 227 (C.A. Dist. of Col. 1954); Pacific Power & Light Co. v. F.P.C., 184 F.2d 272 (C.A. Dist. of Col. 1950); Garel v. Board of County Commissioners of Summit County, 447 P.2d 209, (Colo.Sup.Ct. 1968).

The Texas Conservation Amendment and laws enacted pursuant thereto such as those relating to the Water Development Board are to be given a broad and liberal construction. Corzelius v. Harrell, 143 Tex. 509, 186 S.W.2d 961 (1945); Clark v. Briscoe, 200 S.W.2d 674 (Tex.Civ.App. 1947, no writ).

We held in Attorney General Opinion No. M-2 (1967) that the word "project" in Article 8280-9, supra, should be given a broad and liberal construction. It can very well be said that waste water treatment and the reclaiming of the quality of water should be included in many projects and that such reclamation of the water might be the only means available to provide an adequate water supply in some areas of Texas. Also, since the Texas Water Rights Commission must certify that "the project contemplates optimum development of the site of the project", we are of the opinion some cases might require that reclamation of the quality of waters from waste water to a higher water quality by filtration through waste water treatment plants would, for that reason also, be authorized by law as a "project", or part thereof. Art. 7477, V.C.S., as amended by Art. 8280-9, V.C.S., Sec. 12.

S U M M A R Y

The word "project" as defined in Article 8280-9, V.C.S., governing the Texas Water Development Board, can include a waste water treatment plant either alone, or as a part of a larger engineering plan.

Yours truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Hon. John Allen, Chairman, page 4  (M-716)


Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W.E. Allen, Co-Chairman

Roland Allen
Linward Shivers
John Reeves
Dunk Sullivan

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant