

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 9, 1975

Senator Jim Wallace
Chairman, Intergovernmental
Relations Committee
Texas State Senate
State Capitol Building
Austin, Texas

Dear Senator Wallace:

Opinion No. H- 491

Re: Constitutionality of
section 54.201(b)(7),
Texas Water Code,
having to do with
creation of park and
recreation facilities.

You have asked whether there is constitutional authority for subsection (b)(7) of article 54.201, Texas Water Code, conferring upon a municipal utility district authority to provide parks and recreational facilities for the inhabitants of the district.

Section 54.201(b)(7), Texas Water Code provides:

> A district [referring to municipal utility districts]
> is authorized to purchase, construct, acquire, own,
> operate, maintain, repair, improve, or extend inside
> or outside its boundaries any and all works, improve-
> ments, facilities, plants, equipment, and appliances
> necessary to accomplish the purposes of its creation,
> including all works, improvements, facilities, plants,
> equipment, and appliances incident, helpful or neces-
> sary to:
>
> . . .
>
> (7) provide parks and recreational facilities for the
> inhabitants in the district.

The authority for the creation of municipal utility districts is derived from article 16, section 59 of the Texas Constitution, an amendment adopted in 1917. That section calls for the organization of conservation and reclamation districts as determined to be essential to the accomplishment of the purposes of the amendment, such districts to be clothed with powers of

p. 2218

government and with the authority to exercise such rights, privileges and functions as might be conferred by law. The purposes of the amendment, stated in subsection (a) are:

> The conservation and development of all of the natural resources of this State, including the control, storing, preservation and distribution of its storm and flood waters, the waters of its rivers and streams, for irrigation, power and all other useful purposes, the reclamation and irrigation of its arid, semi-arid and other lands needing irrigation, the reclamation and drainage of its overflowed lands, and other lands needing drainage, the conservation and development of its forests, water and hydro-electric power, the navigation of its inland and coastal waters, and the preservation and conservation of all such natural resources of the State are each and all hereby declared public rights and duties; and the Legislature shall pass all such laws as may be appropriate thereto.

Thus, the issue presented is whether the development of parks and recreational facilities by a municipal utility district is within the constitutionally stated purposes of conservation districts.

Provisions of the Constitution are to be given a liberal construction to achieve the apparent purposes of those who have adopted the provision. Brown County Water Improvement District No. 1 v. Austin Mill & Grain Co., 138 S.W. 2d 523 (Tex. Sup. 1940). The view that the "conservation and development of all of the natural resources of this state . . . for all other useful purposes" includes recreational uses is certainly not an unreasonable interpretation. See Attorney General Opinion C-436 (1965) which concluded:

> While a right to develop natural resources for recreational purposes is not specifically mentioned in section 59a of Article XVI of the Texas Constitution, such right would undoubtedly be included in the language.

However, in <u>Deason v. Orange County Water Control and Improvement District No. One,</u>   244 S. W. 2d 981 (Tex. Sup. 1952), the Supreme Court held that article 16, section 59(a) did not authorize the district to purchase and construct fire control and prevention equipment.

The Court noted that section 59(a)

> . . . contains no language which would support a
> holding that the people in enacting the amendment
> contemplated that a water control and improve-
> ment district created for the purpose of conserving
> and developing the natural resources of the district
> would have the power to provide fire-fighting equip-
> ment and appliances for a town within said district.
> 244 S. W. 2d at 984.

<u>See also</u> Attorney General Opinion H-28 (1973).

But article 7880-3a, V. T. C. S., the same statute whose constitutionality was before the court in <u>Deason</u> was subsequently before the Supreme Court in <u>Parker v. San Jacinto County Water Control and Improvement District No. 1,</u> 273 S. W. 2d 586 (Tex. Sup. 1954) insofar as the statute delegated to a water control and improvement district, organized under section 59 of article 16, the power to install a sanitary and storm sewer disposal system. Rejecting the attack the Supreme Court said:

> Plaintiffs' attack upon the statute fails
> because the power to erect and operate a sewerage
> disposal plant is clearly within Sec. 59a, Art. 16,
> Texas Constitution.  The water brought into the
> area by the district is not destroyed by use but
> must be returned to the hyrdological cycle.  The
> *Conservation Amendment to our State Constitution*
> would certainly permit the purification of water
> before it returns to the groundwater table and
> the river system.  The protection of the purity of
> the waters of this State is a public right and duty
> under the Conservation Amendment . . . .
> 273 S. W. 2d at 586.

Where, as here, it is the stated purpose of the constitutional amendment to provide among other things for the conservation and development of natural resources including the development of forests and storing of the waters of the State's rivers and streams for all useful purposes, we do not believe that we can say, as a matter of law, that the use of these resources such as waters and forests, once developed and conserved, for recreational purposes was not within the contemplation of the people who adopted the amendment.

It is therefore our opinion that section 54. 201(b)(7) of the Water Code is constitutional.

## SUMMARY

The development of parks and recreational facilities by municipal utility districts created under section 59 of article 16 of the Texas Constitution in the district's program of developing and conserving the natural resources of the State is a constitutionally permissible activity.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg