

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 12, 1973

Honorable Gib Lewis, Chairman      Opinion No. H- 28
House Committee on Natural Resources
House of Representatives      Re: Whether the Interlocal
Capitol Station 2910                     Cooperation Act [Art. 4413(32c),
Austin, Texas 78767                 V. T. C. S. ] would permit
                                         conservation and reclamation
                                         districts to contract for their
                                         fire protection needs with home
                                         rule cities or rural fire pre-
Dear Representative Lewis:          vention districts.

You have asked whether the Interlocal Cooperation Act, Article
4413(32c), Vernon's Texas Civil Statutes (Acts 1971, 62nd Leg. , Ch. 513,
p. 1971), would permit conservation and reclamation districts to contract
for their fire protection needs with home rule cities or rural fire
prevention districts.

The Interlocal Cooperation Act only authorizes local governments
to contract for another local government to perform for it a service
which all the parties "are legally authorized to perform". Art. 4413(32c),
§ 4(b), V. T. C. S. Therefore, a conservation and reclamation district
may contract for fire protection only if it has authority to provide that
service itself.

The powers of such districts are found in Article 16, § 59(b), Texas
Constitution, which after authorizing the creation of conservation and
reclamation districts, provides:

> " . . . which districts shall be governmental agencies
> and bodies politic and corporate with such powers of
> government and with the authority to exercise such
> rights, privileges and functions concerning the subject
> matter of this amendment as may be conferred by law. "
> (Emphasis added)

The powers of such districts therefore are limited to the subject matter
of § 59 and by the functions conferred upon them by appropriate legislative
enactment within the scope of § 59(a).

The "subject matter" is defined in § 59(a) as:

> "The conservation and development of all of
> the natural resources of this State, including
> the control, storing, preservation and distribution
> of its storm and flood waters, the waters of its
> rivers and streams, for irrigation, power and all
> other useful purposes, the reclamation and irrigation
> of its arid, semi-arid and other lands needing irrig-
> ation, the reclamation and drainage of its overflowed
> lands, and other lands needing drainage, the conser-
> vation and development of its forests, water and hydro-
> electric power, the navigation of its inland and
> coastal waters, and the preservation of all such
> natural resources of the State are each and all hereby
> declared public rights and duties; and the Legislature
> shall pass all such laws as may be appropriate thereto."

The Supreme Court of Texas in Deason v. Orange County Water Control and Improvement District, 244 S. W. 2d 981 (1952), held that the purpose of providing fire protection "to serve most of the houses, residential and business, in the district", was outside the "subject matter".

> "Section 59(a), Article 16 . . . contains no
> language which would support a holding that the
> people in enacting the amendment contemplated
> that a water control and improvement district
> created for the purpose of conserving and de-
> veloping the natural resources of the district
> would have the power to provide firefighting equip-
> ment and appliances for a town within said district."
> (244 S. W. 2d at 984)

Under Deason, it is our opinion that districts organized under Article 16, § 59, having no authority to provide fire protection, are likewise unable to contract for such fire protection under the Inter-local Cooperation Act.

Your letter specifically asks whether the use of water conserved by the district for firefighting would be a "useful purpose" within the meaning of that portion of § 59(a) which states as one of the purposes

of that provision is the conservation of water and its distribution for "all other useful purposes".

In our opinion, firefighting would be a useful purpose. However, the conservation and distribution is authorized, not the use, and the quoted language would not authorize operation of a fire department.

You next ask whether the purpose of "conservation and development" and preservation and conservation of resources stated in § 59(a) could be construed broadly enough to allow the lease of or contract for the use of firefighting equipment.

In our opinion, a forested district having within its purposes the conservation and preservation of forests would be authorized by § 59(a) to employ such means as were reasonably necessary for the protection of forests from fire and to contract for those services to be performed by another local government under the Interlocal Cooperation Act. The Act would not authorize contracted arrangements for fire protection of all property within the district.

Finally, you ask whether Deason cannot be distinguished because the Interlocal Cooperation Act was passed since Deason was decided. The Legislature cannot expand or modify constitutional limitations. Arnold v. Leonard, 273 S. W. 799 (Tex. 1925); Bexar County Hospital District v. Crosby, 327 S. W. 2d 445 (Tex. 1959). The Interlocal Cooperation Act does not attempt to do so.

## SUMMARY

Conservation and Reclamation Districts, organized pursuant to Article 16, § 59, Constitution of Texas, are not authorized to contract with other local governments under the Interlocal Cooperation Act [Art. 4413(32c)(V. T. C. S. )] for fire protection within the district except where necessary to protect the property of the district itself and then only to the extent the district itself would have been authorized to furnish such protection.

Very truly yours,

JOHN L. HILL
Attorney General of Texas
p. 120

Honorable Gib Lewis, page 4 (H-28)

APPROVED:

_____
LARRY F. YORK, First Assistant

_____
DAVID M. KENDALL, Chairman
Opinion Committee