HENRY S. DEASON ET AL V. ORANGE COUNTY WATER CONTROL AND IMPROVEMENT NO. ONE ET AL

No. A-3331. Decided January 2, 1952.
Rehearing Overruled Feb. 6, 1952.
(244 S. W., 2d Series, 981.)

*E. B. Votaw,* of Beaumont for appellants.

*Graham Bruce,* of Orange, and *O. Woodrow Wilson,* of Vidor, for appellees.

MR. JUSTICE SMITH delivered the opinion of the Court.

This suit was instituted in the District Court of Orange County, Texas, by Henry S. Deason, et al, as plaintiffs, against Orange County Water Control & Improvement District No. One and its directors, for the purpose of obtaining an injunction restraining said district, through its officers, from issuing and selling $550,000.00 in improvement bonds theretofore voted by the people for the purposes hereinafter stated.

On May 28, 1951, the trial court, without the intervention of a jury, entered judgment that plaintiffs taking nothing and denied all injunctive relief prayed for.

The plaintiffs elected to file a motion for new trial and upon the overruling thereof by the trial court gave notice of appeal to this court as provided in Rule 499a, Texas Rules of Civil Procedure. The direct appeal has been duly perfected, and the only question presented is stated in appellants' brief, as follows:

"It being manifest that neither Section 52 of Article 3, nor Section 59 of Article 16, of the Texas Constitution either assumes or undertakes to authorize and empower the Legislature of Texas to delegate to water control and improvement districts the power to vote improvement bonds for the purpose of issuance and sale in order to acquire, purchase and construct a fire control and prevention system and all necessary equipment and appliances connected therewith, the attempt of the Legislature to confer such power and authority upon the district in controversy under the provisions of Article 7880, Sections 2, 3 and 3a was and is unconstitutional and void, wherefore the bond election involved in this cause was a nullity and the trial court erred in not so holding and in failing to grant appellants the injunctive relief prayed for."

The allegations of the plaintiffs' petition are in substance as follows:

Plaintiffs reside in Orange County, Texas, and within the boundaries of the Orange County Water Control & Improvement District No. One and are the owners of real estate subject to taxation within said district; that on December 13, 1948, the directors ordered that an election be held in said district on January 11, 1949, for the purpose of submitting to the electorate the proposition of whether or not improvement bonds in the sum of Five Hundred and Fifty Thousand ($550,000.00) should be issued and sold. The election carried and the plaintiffs plead that the entire proposed bond issue is wholly void, in that "a large portion of said $550,000.00 represents the purchase price of acquisition and installation of a fire fighting system for the town of Vidor, Texas, including a system of water mains, hydrants and mobile units used exclusively for fire prevention; that by reason thereof such entire proposed bond issue, even if otherwise valid, is wholly void in that a water and improvement district such as the defendant district purports to be has no lawful power whatever to issue bonds for the purpose of obtaining funds to acquire, operate and maintain a fire-prevention system and the necessary equipment used in connection therewith under either Section 52 of Article 3, or, Section 59 of Article 16 of the Texas Constitution, nor is the defendant so authorized under any section of Article 7880, R. C. S., 1925, as amended."

The pertinent facts contained in the agreed statement of facts filed in this court are as follows:

"That Orange County Water Control & Improvement District No. 1 was and is duly organized under Section 52 of Article 3, and under Section 59 of Article 16 of the constitution of Texas, and that such district possesses all of the power and authority delegated to it under such constitutional provisions, or either of them, as well as all power and authority delegated to it under Article 7880, Sections 1 to 147-z, of the Revised Civil Statutes of Texas, 1925, as amended, not in conflict with said constitutional provisions, or either of them.

"That after all preliminary matters required by law were duly complied with and accomplished, an election was held in said district on the 11th day of January, 1949, wherein the following proposition was submitted to the voters who resided in said district and who were qualified under the laws of Texas to vote in such election, to wit:

" 'Shall the Board of Directors of Orange County Water Control & Improvement District No. 1 be authorized to issue the bonds of the District in the sum of $550,000.00, maturing serially in such installments as may be fixed by the Board of Directors, the maximum maturity being not more than Thirty (30) years from this date, bearing interest at the rate not to exceed Five (5%) per cent per annum, for the purpose of constructing a water and sewer system for said district, to be issued in accordance with and secured in the manner provided by Chapter 25, Acts of the Thirty Ninth Legislature, 1925, Regular Session, as amended by Chapter 32, Acts of the Forty Third Legislature, 1934, Third Called Session, secured by a pledge of the net revenues from the operation of said systems and by the levy of an ad valorem tax upon all taxable property within such district sufficient in amount to pay the interest on such bonds together with an additional amount to be placed in the sinking fund sufficient to redeem and discharge such bonds at maturity.'

" 'The improvements contemplated for the water system consists of drilling a deep well, providing deep well pumping equipment, the erection of an elevated storage tank, a concrete surface reservoir, booster pumping equipment, a fire proof pump house, meter storage, and office space.'

" 'The distribution system will be laid so as to serve most of the houses, residential and business, in the district. The distribution lines will be constructed of cast iron pipe throughout. Fire protection will be provided in the business district and that portion of the residential sections located on six inch or

larger water mains. A sufficient number of valves will be installed to sectionalize the system in the event of breaks in the mains. Meters will be installed on all services.' "

The estimated cost of cast iron pipe, fire hydrants, tanks, etc., including engineering, is the sum of $253,000.00.

"That a water system, such as the proposed one, constructed in such a manner so as to include fire hydrants, proper mains and the necessary equipment and appliances for the prevention and control of fires, would cost more than a water system not so equipped.

"That the individual defendants herein, being Appellees herein together with said district in the Supreme Court, are the duly elected, qualified and acting directors of said district.

"That the above named plaintiffs, who are Appellants in the Supreme Court, each reside within the limits of said district and each are the owners of real estate located therein subject to taxation; that each of said parties is a legally qualified voter under the laws of the State of Texas and was qualified to vote in the bond election involved in this controversy; that by reason thereof they each have an interest in the subject matter of this suit.

"That the bond election heretofore referred to * * * carried in favor of the issuance of such bonds."

Section 52, Article 3, was originally adopted as a part of the Constitution in 1876, and was re-enacted by the people at an election held in November, 1904, with the additional provision that water control and improvement districts may, upon a vote of a two-thirds majority of the resident property taxpayers voting thereon, issue bonds for the following purposes:

"The improvement of rivers, creeks, and streams to prevent overflows, and to permit of navigation thereof or irrigation thereof, or in aid of such purposes.

"The construction and maintenance of pools, lakes, reservoirs, dams, canals and waterways for the purposes of irrigation, drainage or navigation, or in aid thereof.

"The construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof."

At an election held in August, 1917, the people adopted an

amendment, designated as Section 59 of Article 16 of the Constitution of Texas, which provides:

"Sec. 59a. The conservation and development of all of the natural resources of this State, including the control, storing, preservation and distribution of its storm and flood waters, the waters of its rivers and streams, for irrigation, power and all other useful purposes, the reclamation and irrigation of its arid, semi-arid and other lands needing irrigation, the reclamation and drainage of its overflowed lands, and other lands needing drainage, the conservation and development of its forests, water and hydro-electric power, the navigation of its inland and coastal waters, and the preservation and conservation of all such natural resources of the State are each and all hereby declared public rights and duties; and the Legislature shall pass all such laws as may be appropriate thereto."

These amendments were made effective by Acts, 39th Leg. Reg. Ses., Ch. 25, p. 86, which appears as Article 7880. The Legislature, in adopting this article, declared in the caption, as follows:

"An Act to provide for the organization and government of Water Control and Improvement Districts under and in accordance with the provisions of Section 52 of Article 3 of the Constitution, and or, under and in accordance with the provisions of Section 59 of Article 16 of the Constitution . . ."

Article 7880, as originally adopted, did not authorize water control and improvement districts to purchase, own, and operate fire-fighting equipment and appliances. In 1941, the 47th Legislature amended Article 7880 by adding Section 3a, the relevant part thereof reading as follows:

"That water control and improvement districts now existing, or hereafter to be created, may include in their purposes and plans all works, facilities, plants, equipment, and appliances in any and all manner incident to, helpful or necessary to the collection, transportation, processing, disposal, and control of all domestic, industrial, or communal wastes, whether of fluids, solids, or composites, and to gather, conduct, divert, and control local storm waters, or other local harmful excesses of water and to purchase, own, and operate fire engines and all necessary fire-fighting equipment and appliances."

It is the position of appellants that Article 7880-3a is unconstitutional and that the bonds in controversy should be declared void and that the water control and improvement dis-

trict should be enjoined from further attempting to process, prepare, issue or offer for sale the improvement bonds purportedly authorized by the election of January 11, 1949.

1 The fundamental purpose in construing a constitutional provision is to ascertain and give effect to the intent of the framers of the Constitution and of the people who adopted it. 11 Am. Jur., Const. Law, Sec. 61, p. 675; Cox v. Robison, 105 Tex. 426, 150 SW 1149; Collingsworth County v. Allred, 120 Tex. 473, 40 SW 2d 13, 15.

Section 52, Article 3, specifies that water control and improvement districts may issue bonds for certain purposes. The purposes enumerated do not include the right to purchase, own and operate fire engines, fire-fighting equipment and appliances.

Section 59a, Article 16, the other constitutional amendment involved here, contains no language which would support a holding that the people in enacting the amendment contemplated that a water control and improvement district created for the purpose of conserving and developing the natural resources of the district would have the power to provide fire-fighting equipment and appliances for a town within said district.

2 Both constitutional amendments specify the circumstances and purposes for which water control and improvement districts may be organized and the Legislature is without power to add to or withdraw from the circumstances and purposes specified. Arnold v. Leonard, et al, 114 Texas 535, at page 540, 273 SW 799, 802; Thompson, et al v. Kay, et al, 124 Texas 252, 77 SW 2d 201, 214.

The Legislature can only grant the district such powers and rights as come within the contemplation or provisions of the articles of the Constitution herein discussed.

We sustain the contention of appellants. It follows that the judgment of the District Court of Orange County is reversed and judgment is rendered by this court enjoining and restraining the appellees from further attempting to process, prepare, issue or offer for sale the improvement bonds in the sum of $550,-000.00 authorized by the election held January 11, 1949.

The costs are taxed against appellees.

Opinion delivered Jan. 2, 1952.

Rehearing overruled Feb. 6, 1952.