Sammy L. BECKENDORFF et al., Petitioners,

v.

HARRIS–GALVESTON COASTAL SUBSIDENCE DISTRICT, Respondent.

No. B–7277.

Supreme Court of Texas.

March 1, 1978.

Rehearing Denied April 12, 1978.

**240**

Levy & Levy, Sam W. Levy, Houston, Cox, Pakenham & Roady, Joe G. Roady, Houston, for petitioners.

John L. Hill, Atty. Gen., John S. Teutsch, Asst. Atty. Gen., Houston, for respondent.

PER CURIAM.

We approve the opinion of the Court of Civil Appeals in this case. 558 S.W.2d 75. Among the principal holdings are that the act creating the Harris-Galveston Coastal Subsidence District, 1975 Tex. Gen.Laws, ch. 284 at 672, is constitutional; that it is within the grant of authority of Article XVI, § 59 of the Constitution of this State; and that the Legislature passed said Act pursuant to constitutionally mandated procedures. There is no denial of the equal protection of the law in either the geographic scope of the District or in its operation. The court below also held that the permit fees charged by the District are not occupation taxes prohibited by the Constitution. We agree.

An unqualified refusal of the application for writ of error cannot be given for the reason that the Court of Civil Appeals passed on other points which are not before us for consideration. This Court may not refuse a writ of error outright unless the opinion of the lower appellate court be one concerned exclusively with points over which this Court has jurisdiction. Article 5, §§ 3 and 6, Constitution of Texas, Vernon's Ann.St., Rule 483, Texas Rules of Civil Procedure, *D. C. Hall Transport, Inc. v. Hard*, 163 Tex. 504, 358 S.W.2d 117 (1962). Therefore, the application for writ of error is refused with the notation "No Reversible Error."