**HARRIS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 110, Appellant,**

v.

**TEXAS WATER RIGHTS COMMISSION et al., Appellees.**

No. 13008.

Court of Civil Appeals of Texas, Austin.

Jan. 23, 1980.

Kenneth L. Box, Mullins, Box & Parish, Houston, for appellant.

Mark White, Atty. Gen., Sam Graham, Asst. Atty. Gen., Austin, for appellees.

PHILLIPS, Chief Justice.

The question involved in this appeal is whether a municipal utility district may provide park and recreational facilities which include a community center, three swimming pools, four tennis courts, and a clubhouse under the provisions of Tex. Water Code § 54.201(b)(7).

Appellant, Harris County Water Control and Improvement District No. 110, is a municipal utility district created pursuant to the provisions of Ch. 54 of the Texas Water Code. On September 22, 1976, after the district had announced plans for the proposed recreational facilities, a resident of the district filed a complaint with Appellee, Texas Water Rights Commission, questioning the authority of appellant to provide these facilities. The Commission ruled that the proposed project was not within the scope and authority of Tex.Const. Art. XVI, § 59(a). Appellant appealed this ruling to the 53rd District Court of Travis County, which upheld the Commission's order.

Article XVI, § 59 [1] of the Texas Constitution, authorizes the Legislature to create municipal utility districts, and also generally delineates the purposes of such districts. Section 54.012 [2] of the Water

---

1. Article XVI, Section 59 of the Texas Constitution states:

"Sec. 59. (a) The conservation and development of all of the natural resources of this State, including the control, storing, preservation and distribution of its storm and flood waters, the waters of its rivers and streams, for irrigation, power and all other useful purposes, the reclamation and irrigation of its arid, semi-arid and other lands needing irrigation, the reclamation and drainage of its overflowed lands, and other lands needing drainage, the conservation and development of its forests, water and hydro-electric power, the navigation of its inland and coastal waters, and the preservation and conservation of all such natural resources of the State are each and all hereby declared public rights and duties; and the Legislature shall pass all such laws as may be appropriate thereto.

(b) There may be created within the State of Texas, or the State may be divided into, such number of conservation and reclamation districts as may be determined to be essential to the accomplishment of the purposes of this amendment to the constitution, which district shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law."

2. Section 54.012 of the Water Code states:

"A district shall be created for the following purposes:

(1) the control, storage, preservation, and distribution of its storm water and floodwa-

Code, entitled "Purposes of a District," parallels the language of Art. XVI, § 59(a). Section 54.201, listing the powers of a district, provides:

"(a) A district shall have the functions, powers, authority, rights, and duties which will permit accomplishment of the purposes for which it was created.

(b) A district is authorized to purchase, construct, acquire, own, operate, maintain, repair, improve, or extend inside and outside its boundaries any and all works, improvements, facilities, plants, equipment, and appliances necessary to accomplish the purposes of its creation, including all works, improvements, facilities, plants, equipment, and · appliances incident, helpful, or necessary to:

(1) supply water for municipal uses, domestic uses, power, and commercial purposes and all other beneficial uses or controls;

(2) collect, transport, process, dispose of, and control all domestic, industrial, or communal wastes whether in fluid, solid, or composite state;

(3) gather, conduct, divert, and control local storm water or other local harmful excesses of water in a district;

(4) irrigate the land in a district;

(5) alter land elevation in a district where it is needed;

(6) navigate coastal and inland waters of the district; and

(7) provide parks and recreational facilities for the inhabitants in the district."

Appellant maintains that Section 54.201(b)(7), above, provides authority for its proposed recreational facilities. We disagree with this theory and affirm the judgment of the trial court.

Water and utility districts were created for the purpose of protecting and preserving the natural resources of this State, including the waters of the State. Tex.Const. Art. XVI, § 59; Tex. Water Code Ann. § 54.012. To further this purpose the legislature provides these districts with the power to "provide parks and recreational facilities." Tex. Water Code § 54.201(b)(7).

Section 54.012 of the Water Code states the purposes of the district as delineated in the Constitution, and Section 54.201 states the powers of the district. Section 54.201 § (a) provides "A district shall have the functions, powers, authority, rights and duties which will *permit accomplishment of the purposes for which it was created.*" (Emphasis added). Thus, although Section 54.201(b)(7) permits a district to provide parks and recreational facilities, reference must be made to whether a purpose of the district is accomplished by the addition of the facilities. The power to construct recreational facilities must be exercised to further a purpose of Section 54.012 to be justified and constitutional.

In *Deason v. Orange County Water Control and Improvement District No. One,* 151 Tex. 29, 244 S.W.2d 981 (Tex.1952), the Supreme Court held that Art. XVI, § 59 of the Constitution, did not authorize a district to provide fire-fighting equipment. The Court stated that "The Legislature can only grant the district such powers and rights as come within the contemplation or provisions of the articles of the Constitution . . ." 244 S.W.2d at 984.

In *Parker v. San Jacinto County Water Control and Improvement District No. 1,* 154 Tex. 15, 273 S.W.2d 586 (Tex.1958), the question before the Court was the constitutionality of legislation delegating to a

---

ter, the water of its rivers and streams for irrigation, power, and all other useful purposes;

(2) the reclamation and irrigation of its arid, semiarid, and other land needing irrigation;

(3) the reclamation and drainage of its overflowed land and other land needing drainage;

(4) the conservation and development of its forests, water, and hydroelectric power;

(5) the navigation of its inland and coastal water;

(6) the control, abatement, and change of any shortage or harmful excess of water;

(7) the protection, preservation, and restoration of the purity and sanitary condition of water within the state; and

(8) the preservation of all natural resources of the state."

water control and improvement district the power to install a sanitary and storm sewer disposal system. The Court found the power to erect and operate a sewage disposal plant within Section 59a, Article XVI of the Texas Constitution, reasoning that "the water brought into the area by the district . . . must be returned to the hydrological cycle. The Conservation Amendment to our State Constitution would certainly permit the purification of water before it returns to the groundwater table and the river system." Thus, two purposes of the Constitution and of Section 54.012 were achieved: conservation and development of water and protection of the purity and sanitary condition of the water.

We are unable to find any purposes of Section 54.012 which will be served by the proposed facilities. Appellant urges, however, that its proposed facilities are justified because they are not prohibited by the Constitution. Appellant relies on the settled rule of law that the Legislature has and may exercise all legislative power not denied or prohibited to it by the Constitution. See *Shepherd v. San Jacinto Junior College District*, 363 S.W.2d 742 (Tex.1962); *Beckendorff v. Harris-Galveston Coastal Subsidence District*, 558 S.W.2d 75 (Tex.Civ. App.—Houston [14th Dist.]), aff'd, 563 S.W.2d 239 (Tex.1978). Appellant maintains, therefore, that the recreational facilities envisioned are proper because they are not expressly or impliedly prohibited by the Constitution.

Appellant has misapplied this tenet to the instant fact situation. The *Shepherd* and *Beckendorff* cases express a doctrine which applies to acts of the Legislature, stating merely that absent an express or implied constitutional provision prohibiting an act of the Legislature, the act is valid. In the case at bar the sole question is whether the proposed recreational facilities are permissible pursuant to acts of the Legislature, and not whether an act of the Legislature is valid. We have concluded that the proposed facilities, which include a community center, three swimming pools, four tennis courts, and a clubhouse, do not further a

purpose of Section 54.012 of the Water Code or of Art. XVI, § 59 of the Texas Constitution.

The judgment of the trial court is affirmed.