

# The Attorney General of Texas

March 23, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. E. C. Parker, Jr., President
Board of Directors
Upper Guadalupe River Authority
P. O. Box 1278
Kerrville, Texas   78028

Opinion No.   MW-313

Re:   Whether the Upper Guadalupe River Authority may provide park and recreational facilities

Dear Mr. Parker:

You have asked whether the proposed construction of certain park and recreational facilities by the Upper Guadalupe River Authority on its soon to be completed reservoir near the city of Kerrville would be in furtherance of the purposes for which the district was created. You state that the proposed facilities construction includes "landscaping, making certain areas of the reservoir suitable for swimming, and providing parking areas, restroom facilities, boat ramps, picnic tables, lighting, roads, and fencing for the areas."

The Upper Guadalupe River Authority is a conservation and reclamation district created under and pursuant to article XVI, section 59 of the Texas Constitution and Acts 1939, 46th Legislature, chapter 5, as amended (codified as article 8280-124, V.T.C.S.). Article XVI, section 59 of the Texas Constitution states:

> Sec. 59. (a) The conservation and development of all of the natural resources of this State, including the control, storing, preservation and distribution of its storm and flood waters, the waters of its rivers and streams, for irrigation, power and all other useful purposes, the reclamation and irrigation of its arid, semi-arid and other lands needing irrigation, the reclamation and drainage of its over-flowed lands, and other lands needing drainage, the conservation and development of its forests, water and hydro-electric power, the navigation of its inland and coastal waters, and the preservation and conservation of all such natural resources of the State are each and all hereby declared public rights and duties; and the Legislature shall pass all such laws as may be appropriate thereto.

> (b) There may be created within the State of Texas, or the State may be divided into, such number of conservation and reclamation districts as may be determined to be essential to the accomplishment of the purposes of this amendment to the constitution, which districts shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law. (Emphasis added).

In 1971, the authority's enabling legislation was amended (Acts 1971, 62nd Legislature, chapter 430, at 1586-87) to read as follows:

> Sec. 16. (a) Without limiting the powers granted to the District by this Act, the District shall specifically have the right, power, privilege, function and authority to control, develop, store and preserve the waters and flood waters of the Upper Guadalupe River and its tributaries within or without the boundaries of the District for any beneficial or useful purpose and to purchase, acquire, build, construct, improve, extend, reconstruct, repair and maintain any and all dams, structures, waterworks systems, sanitary or storm sewer or drainage or irrigation systems, buildings, waterways, pipelines, distribution systems, ditches, lakes, ponds, reservoirs, plants, and recreational facilities for the public use and any and all other facilities or equipment in aid thereof, and to purchase or acquire the necessary sites, easements, rights-of-way, land or other properties necessary thereof and to do any and all of the acts and things which may be necessary to the exercise of any and all of the rights, powers, privileges, functions and authority of the District, and same may be accomplished by any and all practical means, and the District may sell water and other services. (Emphasis added).

In 1975, the Attorney General rendered an opinion that the development of parks and recreational facilities by municipal utility districts created under article XVI, section 59 of the Texas Constitution in the district's program of developing and conserving the natural resources of the state is a constitutionally permissible activity. Attorney General Opinion H-491 (1975). However, in Harris County Water Control and Improvement District No. 110 v. Texas Water Rights Commission, 593 S.W. 2d 852 (Tex. Civ. App. - Austin 1980, no writ) [hereinafter refered to as Harris County W.C.I.D. #110], the court held that certain proposed recreational facilities to be built by the district would not serve the purposes for which the district was created. This decision has apparently created doubts as to whether the river authorities of this state can construct recreational facilities on reservoirs.

In the Harris County W.C.I.D. #110 opinion, Chief Justice Phillips states quite pointedly that "[t]he question in this appeal is whether a municipal utility district may

provide park and recreational facilities which include a community center, three swimming pools, four tennis courts, and a clubhouse. . . ." Id. at 853. (Emphasis added). Thus, recreational facilities per se are not prohibited but rather, are limited by the standard set out by the court to-wit: "[t] he power to construct recreational facilities must be exercised to further a purpose of section 54.012 [Texas Water Code] to be justified and constitutional." Id. at 854. The court had previously stated that "[s] ection 54.012 of the Texas Water Code, entitled 'Purposes of a District,' parallels the language of article XVI, section 59(a) (Texas Constitution)." Id. at 853. Implicit in the language of the opinion is a question of the degree of relationship between the recreational facilities and the constitutional purpose of the district.

Section 11.024 of the Texas Water Code, a legislative statement of public policy regarding the use of state waters, provides:

> In order to conserve and properly utilize state water, the public welfare requires not only recognition of beneficial uses but also a constructive public policy regarding the preferences between these uses, and it is therefore declared to be the public policy of this state that in appropriating state water preference shall be given to the following uses in the order named:
>
> (1) domestic and municipal uses, including water for sustaining human life and the life of domestic animals;
>
> (2) industrial uses, meaning processes designed to convert materials of a lower order of value into forms having greater usability and commercial value, including the development of power by means other than hydro-electric;
>
> (3) irrigation;
>
> (4) mining and recovery of minerals;
>
> (5) hydroelectric power;
>
> (6) navigation;
>
> (7) recreation and pleasure; and
>
> (8) other beneficial uses.

The reservoir in this case is being constructed primarily to control and store water on the Guadalupe River as a surface water supply for the city of Kerrville, in compliance with the constitutional purposes of the district and the statutory priorities of water usage. One secondary use of the reservoir as enumerated by the legislature is recreation and pleasure.

The legislature has given conservation and reclamation districts the necessary powers to regulate the use of reservoirs for recreational purposes. The Texas Water Safety Act provides in section 31.092(c) of the Parks and Wildlife Code:

> The governing board of a political subdivision of the state created pursuant to Article XVI, Section 59, of the Texas Constitution, for the purpose of conserving and developing the public water of the state, with respect to public water impounded within lakes and reservoirs owned or operated by the political subdivision, may designate by resolution or other appropriate order certain areas as bathing, fishing, swimming, or otherwise restricted areas and may make rules and regulations relating to the operation and equipment of boats which it deems necessary for the public safety. The rules and regulations shall be consistent with the provisions of this chapter. (Emphasis added).

We are advised that constructing the proposed facilities will aid proper control and regulation of the recreational use of the reservoir.

The Harris County W.C.I.D. #110 opinion prohibited construction of a complex of recreational buildings and facilities which were unrelated to the constitutional purposes of the district. It is our understanding that the facilities you propose to build are related to a relatively minor portion of the total reservoir project and serve to promote the full use and enjoyment of the reservoir by the public. We feel that the improvements you propose are ordinary and necessary to the proper control, management, and regulation of public reservoirs and lakes, and are in furtherance of the constitutional purposes of "the conservation and development of all natural resources of this State, including the control, storing, preservation and distribution of. . . the waters of its rivers and streams, for irrigation, power and all other useful purposes." Tex. Const. art. XVI, §59(a). (Emphasis added). Conservation and development of natural resources includes use and enjoyment. "Conserve" means to keep in a safe or sound state, to save, to preserve from change or destruction, and is synonymous with maintain, sustain, uphold, defend, protect, guard, shield and secure. Pecos Valley Artesian Conservancy District v. Peters, 173 P. 2d 490 (N.M. 1945). The reservoir cannot be used and enjoyed without facilities designed not only to accomplish and regulate such use, but also to conserve and protect the reservoir.

## S U M M A R Y

> Construction of recreational facilities to make certain areas of a reservoir suitable for public access and use, to include landscaping, making certain areas suitable for swimming, providing parking areas, restrooms, boat ramps, picnic tables, lighting, roads, and fencing is a constitutionally permissible activity of a conservation and reclamation district created under article XVI, section 59 of the Texas Constitution.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Ladd Pattillo
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Ladd Pattillo
Bruce Youngblood