

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 21, 1989


Honorable D.R. "Tom" Uher
Chairman
Redistricting Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. JM-1122

Re: Authority of the Matagorda County-Palacios Seawall Commission to expend funds to create a public beach (RQ-1808)


Dear Mr. Uher:

You ask whether the Matagorda County-Palacios Seawall Commission may legally expend funds "for the purpose of constructing or creating a public beach."

Section 421.021(a) of the Local Government Code provides:

> The Commissioners Court of Matagorda County and the governing body of a municipality in the county may by resolution establish a seawall commission to perform the functions described by Article 6830, Revised Statutes.

Section 421.023 of the Local Government Code provides in subsections (a) and (b) for the imposition by the commission of a tax on real property within its jurisdiction. Subsection (c) provides that "tax revenue may be used only to finance functions of the commission." Subsection (f) provides additionally that "the commission may disburse funds set aside by the municipality and the county for the performance of its functions."

Subsection (g) of section 421.023, added in 1989, provides:

> The commission may exercise any of the authority granted to a county or municipality under:
>
> > (1) Articles 6830, 6831, and 6832, Revised Statutes;

(2) Article 6837, Revised Statutes; and

(3) Sections 421.001(a) and (b).

Acts 1989, 71st Leg., ch. 329, § 3, at 1296.

Article 6830, title 118, V.T.C.S., provides in relevant part:

> The county commissioners' court of all counties, and the municipal authorities of all cities, bordering on the coast of the Gulf of Mexico, shall have the power and are authorized from time to time to establish, locate, erect, construct, extend, protect, strengthen, maintain, and keep in repair and otherwise improve any sea wall or breakwater, levees, dikes, floodways and drainways, and to improve, maintain and beautify any boulevard erected in connection with such sea wall or breakwater, levees, dikes, floodways and drainways, and to incur indebtedness therefor . . . .

Article 6831 provides:

> Said county commissioners' court, and municipal authorities, shall have the power to impose such additional uses and burdens upon all streets, alleys, public highways and other public grounds as they may deem necessary for the location, erection, construction and maintenance of seawalls, breakwaters, levees, dikes, floodways and drainways, and to license, regulate or grant such additional uses of said seawalls, breakwaters, levees, dikes, floodways or drainways as will not impair their efficiency.

Article 6832 provides in relevant part:

> Said counties and cities shall have the power to take and appropriate such land and other property as may be deemed necessary for the establishment, location, construction and maintenance of said seaways, breakwaters, levees, dikes, floodways and drainways, and to define the area of land needed, and to

acquire, take, hold and enjoy the same for
the purposes aforesaid, and to that end shall
have the right to exercise the right of
eminent domain and to condemn land for the
uses and purposes aforesaid . . . .

Article 6837 cedes to counties and cities acting under
title 118 (articles 6830 et seq.) the right to use state
owned land and sea bottom below high tide for purposes set
out in title 118.

We think that the evident purpose of title 118 and
chapter 421 is flood control. See Attorney General Opinion
M-50 (1967) (stating that seawalls "are constructed as an
aid in keeping inland lands from becoming inundated by sea
water"). Also, article 6830 includes authorization "to
improve, maintain and beautify any boulevard erected in
connection with such sea wall." See also Local Gov't Code
§ 421.001(b) (authorizing contribution of funds to United
States in connection with federal projects relating to
"construction or maintenance of a seawall, boulevard, or
other project authorized under Title 118"). The purpose of
a public beach would be, we assume, to provide recreation.

Case law suggests that a court would strictly construe
the applicable statutes and constitutional provisions in
determining whether the commission is authorized to expend
funds to construct or create a public beach. See, e.g.,
Harris County Water Control & Improvement Dist. No. 110 v.
Texas Water Rights Comm'n, 593 S.W.2d 852 (Tex. Civ. App. -
Austin 1980, no writ) (construction of certain recreation
facilities by a municipal utility district not authorized by
section 54.012 of the Water Code and article XVI, section
59, of the Texas Constitution); cf. Attorney General
Opinion MW-313 (1981) (river authority authorized to
construct certain recreation facilities on reservoir).

Consequently, we think that the commission has no
authority to expend funds to construct a public beach unless
a particular public beach could somehow be accurately
characterized as a seawall, breakwater, levee, dike, flood-
way, or drainway, or as a beautification measure for a
"boulevard" erected in connection with such flood control
projects.[1]

---

1. Constitutional authority for the provisions of
(Footnote Continued)

S U M M A R Y

Unless, on the facts of a particular case, a public beach could be accurately characterized as a seawall, breakwater, levee, dike, floodway, or drainway, or as a beautification measure for a boulevard erected in connection with such a flood control project, a seawall commission operating under chapter 421 of the Local Government Code and title 118, V.T.C.S., such as the Matagorda County-Palacios Seawall Commission lacks authority to expend funds for the beach's creation or construction.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General

---

(Footnote Continued)
title 118 and Local Government Code chapter 421 is found in article XI, section 7, of the Texas Constitution, which provides for the imposition of a tax "for construction of sea walls, breakwaters, or sanitary purposes." Please note that, as you do not specifically raise any such issue, we do not here address the constitutionality of the provisions of chapter 421 or title 118 that relate to improving, maintaining, or beautifying boulevards.