

# THE ATTORNEY GENERAL
# OF TEXAS

August 18, 1989

JIM MATTOX
ATTORNEY GENERAL

W. N. Kirby, Ph.D.               Opinion No.   JM-1086
Commissioner of Education
Texas Education Agency           Re:   Effective date of section 7
1701 North Congress Ave.         of   House   Bill   2566,   which
Austin, Texas   78701-1494       revises the teacher career ladder
                                 statutes   (RQ-1773)

Dear Dr. Kirby:

You inquire about the effective date of one section  of House Bill 2566, adopted by  the 71st Legislature to  revise the statutes governing the teacher career ladder.  A copy of the bill signed by the Governor includes the following  provision:

> SECTION   23.  This   Act   takes   effect September 1,  1989,  except that  Section  7 takes effect September 1, 1990.

H.B.  2566, Acts 1989, 71st Leg., ch. 585, § 23, at 1946.

Section 7 of House Bill  2566 amends section 13.309  of the Education Code, the  provision stating the  requirements for entering level  three of the  teacher career ladder,  by raising the  standard  of performance  required  to  achieve level  three.   The  amended  version  requires  a  "clearly outstanding performance" during the  current year and one  of the preceding two years, where the original version requires only "performance  exceeding expectations"  during three  of the preceding four years.  Section 23 as quoted above  would delay the imposition of the new criteria until September  1, 1990.

However, the effective date  provision included in  the conference committee  report for  House Bill  2566 provides that  "Section  5 . . . takes  effect  September  1,  1990." Section 5 amends section 13.307 of the Education Code, which states the  requirements  for  entering  level  one  of  the teacher career ladder.  A letter to you from the Speaker  of the  House,  the  Lieutenant  Governor,  the  House  Public Education  Committee  and  the  Senate  Education  Committee accounts for this discrepancy as follows:

An examination of the files on this bill shows that the text of the conference committee report as laid before and adopted by both houses applied the September 1, 1990, effective date to Section 5 of the bill rather than Section 7. The reference to Section 7 came about exclusively as a result of an editorial change made in the process of enrolling the bill. But for that editorial change, there would be no internal inconsistencies in the text of the bill.

The letter suggests that the Texas Education Agency could reasonably begin to implement the changes in level three made by section 7 on September 1, 1989. The State Board of Education has directed you to request our opinion as to the effective date of section 7.

The version of House Bill 2566 that postpones the effective date of section 7 until September 1, 1990, is an enrolled bill. It was signed by the President of the Senate and the Speaker of the House, approved by the Governor, and filed in the Office of the Secretary of State. See Tex. Const. art. III, § 38; Ellison v. Texas Liquor Control Bd., 154 S.W.2d 322, 326 (Tex. Civ. App. - Galveston 1941, writ ref'd). In reviewing statutes, the Texas courts follow the "enrolled bill rule," which holds that a duly authenticated, approved, and enrolled statute imports absolute verity and is conclusive that an act was passed according to constitutional requirements. Beckendorff v. Harris-Galveston Coastal Subsidence Dist., 558 S.W.2d 75 (Tex. Civ. App. - Houston [14th Dist.] 1977), writ ref'd n.r.e. per curiam, 563 S.W.2d 239 (Tex. 1978). One court has stated the rule as follows:

> [A]n act passed by the Legislature, signed by the proper officers of each house, approved by the Governor, or passed notwithstanding, and filed in the office of the Secretary of State, constitutes a conclusive record of the passage of the act as enrolled. As against this record resort may not be had to a proclamation of the Governor, to the terms of the bill as originally introduced or amendments thereto, to the journal of the Legislature, nor to parol evidence for the purpose of impeaching or invalidating the law.

Ellison, supra, at 326 (citing Texas Jurisprudence); see also Jackson v. Walker, 49 S.W.2d 693 (Tex. 1932); Beckendorff v. Harris-Galveston Coastal Subsidence Dist.,

supra; <u>Nueces County v. King</u>, 350 S.W.2d 385 (Tex. Civ. App. - San Antonio 1961, writ ref'd); <u>Falkner v. Memorial Gardens Assoc.</u>, 298 S.W.2d 934 (Tex. Civ. App. - Austin 1957, writ ref'd n.r.e.).

The conclusiveness of the enrolled bill rule is well illustrated by the case of <u>Ellison</u>, <u>supra</u> at 326. An amendment to the Texas Liquor Control Act was claimed to be unconstitutional because the the House and the Senate did not pass the same bill. The Senate amended the version passed by the House, but the House refused to concur in the amendments. The bill was not returned to the Senate and the Senate never adopted the House version. The Senate did adopt a resolution stating that it receded from the amendments and declaring that the bill had passed the Senate in the same form in which it was received from the House. The House version was approved by the Governor. Because of the enrolled bill rule, the court refused to accept evidence from the House Journal to prove that the law was not passed by both houses of the Legislature, as required by the Constitution. <u>See</u> Tex. Const. art. IV, § 14; <u>see also</u> Tex. Const. art. III, §§ 30, 32, 39; <u>Ellison</u>, <u>supra</u>, at 327 (dissenting opinion).

The enrolled bill rule prevents us from looking to parol evidence to prove that House Bill 2566 did not pass the legislature in the form approved by the Governor. We cannot rely on the conference committee report to show that section 7 of House Bill 2566 is effective on September 1, 1989.[1]

---

1. If we were allowed to consider evidence that House Bill 2566 was not adopted in accordance with correct procedures, we would have to discuss the possibility that the conference committee report, in placing a delayed effective date on section 5 of House Bill 2566, violated House and Senate rules. The rules of both houses provide that a conference committee shall have no authority to add text which is not included in either the House or Senate version of the bill. House Rule 14, 71st Leg., § 9(a)(4); Senate Rule, 12.03(4). The House version provided for a September 1, 1990 effective date for section 5, the Education Code provision on level two entry, while the Senate version applied the delayed effective date to section 7, pertaining to level three entry. C.S.H.B. 2566, 71st Leg., § 22 (as passed by the House on May 9, 1989); C.S.H.B. 2566, 71st Leg., § 23 (as passed by the Senate on May 24, 1989). The conference committee report, however, delayed
(Footnote Continued)

We next consider whether the rules of statutory construction require us to read the delayed effective date as inapplicable to section 7. See, e.g., Attorney General Opinions JM-1079 (1989); H-622 (1975). You point out an apparent conflict between section 23, the effective date provision, and sections 19 and 21 of the enrolled bill, and you suggest resolving this conflict by reading the delayed effective date provision as applicable to section 5, not section 7.

Section 19 of the enrolled bill reads as follows:

> SECTION 19. The changes in the eligibility requirements for entry to a career ladder level made by this Act, including the required use of current year appraisals, apply to all teachers beginning with the 1989-1990 school year, regardless of whether a teacher was qualified for entry to a career ladder level in the 1989-1990 school year before the effective date of this Act.

H.B. 2566, Acts 1989, 71st Leg., ch. 585, § 19, at 1945.

Where there is an apparent conflict between two provisions of a statute, a court must give the statute a construction that will reconcile the provisions. Hill v. State, 114 S.W. 117 (Tex. Crim. App. 1908).

Section 23 excepts teachers who are ready to enter level three from the general requirement stated in section 19. Section 19 still has effect, because section 13.308 of the Education Code has been amended to require use of current year appraisals for teachers entering level two of the career ladder. H.B. 2566, Acts 1989, 71st Leg., ch. 585, § 6 at 1942; see also id. § 9, at 1943. (delaying

---

(Footnote Continued)
implementation of section 5, the provision on level one entry. Conference Committee Report H.B. 2566, 71st Leg., § 23. In this respect, the Conference Committee Report departed from both the House and the Senate versions of House Bill 2566. Because of the enrolled bill rule, however, we need not consider the effect of this departure, nor whether the change made during enrolling was intended as correction of an error. Cf. Davis v. State, 225 S.W. 532 (Tex. Crim. App. 1920) (clerical correction of a bill by resolution before bill was signed by presiding officers of each house).

entry of any teacher to level four until after September 1, 1991, to be codified as Educ. Code § 13.3101).

We next consider the apparent inconsistency between section 21 and section 23 of House Bill 2566. Our task is, again, to harmonize the provisions of the statute so that all provisions will be effective. See Gov't Code § 311.021(2) (Code Construction Act). Section 7 adds the following provision to section 13.309 of the Education Code:

> (b) To enter level three, a teacher must submit a written application to be considered for placement on career ladder level three to the board of trustees of the school district or its designee not later than October 1 of the school year for which the application is made.

H.B. 2566, Acts 1989, 71st Leg., ch. 585, § 7, at 1943.

In accordance with section 23, this provision is effective September 1, 1990, and applies to the 1990-1991 school year and subsequent school years.

Section 21(a) of House Bill 2566 provides in part:

> Notwithstanding any provision to the contrary, for the 1989-1990 school year an application for placement on career ladder level three must be submitted not later than December 15, 1989.

Id. § 21(a) at 1946. (Emphasis added.)

The apparent conflict between section 21(a) and the deferred effective date provided for section 7 by section 23 is found in the language of section 21(a), emphasized above: "Notwithstanding any provision to the contrary . . . ." We assume you read section 21(a) as making a one-year exception to the October 1 application date established by section 7 and that you believe it will be meaningless if section 7 is not in effect during the 1989-1990 school year.

The "notwithstanding" phrase does not, however, expressly refer to section 13.309(b) of the Education Code, and it need not be read as if it does. It could refer to any provision of law that would authorize the State Board of Education or the board of trustees of a school district to establish a different deadline for submitting applications for level three in the 1989-1990 school year. See Educ. Code § 13.302(a) (State Board of Education shall adopt appraisal process); see also Educ. Code § 23.26 (power of

trustees to manage and govern schools). Section 21 of House Bill 2566 will be meaningful during the 1989-1990 school year even if the October 1 deadline for level three applicants is not yet in effect. We need not consider whether section 21(a) could be construed as nullifying the express effective date that section 23 provides for section 7. See generally Seay v. Hall, 677 S.W.2d 19, 25 (Tex. 1984) (the court must find a statute's intent in its language).

Accordingly, section 21(a) is not in irreconcilable conflict with the deferred effective date provision in section 23 of House Bill 2566. Both provisions can be harmonized and given effect. Section 21(a) establishes a December 15 deadline for applications for career ladder level three submitted in the 1989-1990 school year, while the October 1 deadline adopted by section 7 becomes effective on September 1, 1990, and applies to the 1990-1991 school year and subsequent years. The language of section 23 of House Bill 2566 is clear. The amendment to section 13.309 of the Education Code adopted by section 7 of House Bill 2566 takes effect September 1, 1990.

### S U M M A R Y

> The amendment to section 13.309 of the Education Code adopted by section 7 of House Bill 2566 takes effect September 1, 1990.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan Garrison
Assistant Attorney General