ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 12, 2012

The Honorable Troy Fraser                      Opinion No. GA-0905
Chair, Natural Resources Committee
Texas State Senate                             Re:   Authority of the Aransas County Navigation
Post Office Box 12068                          District to develop, maintain, and finance Rockport
Austin, Texas   78711-2068                     Beach Park   (RQ-0986-GA)

Dear Senator Fraser:

You have asked to receive the opinion originally requested by Senator Hegar, asking whether the Aransas County Navigation District (the "District") is authorized to develop, maintain, and finance Rockport Beach Park with District tax revenue.[1] The park is located on land that the District created from dredged material. Request Letter at 1. The request letter states that the District has "leased" the land to the City of Rockport, which has maintained the park for about 25 years. *Id.*[2] The letter first asks whether the District is "authorized to have and maintain parks and recreation facilities." *Id.*

The District is a navigation district operating under article XVI, section 59 of the Texas Constitution, which authorizes the creation of conservation and reclamation districts. *See* TEX. CONST. art. XVI, § 59; TEX. SPEC. DIST. CODE ANN. § 5001.002 (West 2011). The District is governed by chapter 62 of the Water Code. *Id.* § 5001.004. The purpose of the District is to provide for:

> (1)   the improvement, preservation, and conservation of inland and coastal water for navigation;
>
> (2)   the control and distribution of storm water and floodwater of rivers and streams in aid of navigation; and

---

[1] *See* Letter from Honorable Troy Fraser, Chair, Committee on Natural Resources, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas at 1 (Nov. 18, 2011); Letter from Honorable Glenn Hegar, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas at 1 (July 21, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2] The District describes its agreement with the City of Rockport as being "an agreement for management and operation of the beach park area," rather than a lease. Brief of Aransas County Navigation District at 6 (Sept. 16, 2011) (on file with the Opinion Committee).

> (3)    any other purposes necessary or incidental to the navigation of inland and coastal water or in aid of these purposes, as stated in Article XVI, Section 59, of the Texas Constitution.

TEX. WATER CODE ANN. § 62.101 (West 2004). The District is authorized to "exercise the rights, privileges, and functions which are essential to the accomplishment of those purposes." *Id*. § 62.102.

A navigation district has only those powers expressly delegated to it by statute or by the clear implication of its express powers. *See* Tex. Att'y Gen. Op. No. JC-0354 (2001) at 1. Consequently, the District is authorized to have and maintain parks and recreation facilities to the extent necessary or incidental to navigation of inland and coastal water, in aid of the conservation of such water, and the other purposes set forth in section 62.101 of the Water Code. As this office noted in a similar context, the question of a conservation and reclamation district's authority concerning recreation facilities is one "of the degree of relationship between the recreational facilities and the constitutional purpose of the district." Tex. Att'y Gen. Op. No. MW-313 (1981) at 3 (concerning authority of river authority created under article XVI, section 59 of the Texas Constitution to construct park and recreational facilities). *Accord Harris Cnty. Water Control & Improvement Dist. No. 110 v. Tex. Water Rights Comm'n*, 593 S.W.2d 852, 854 (Tex. Civ. App.—Austin 1980, no writ) (holding that an article XVI, section 59 municipal utility district's authority to construct a recreational facility must be exercised only to further a statutory purpose of the district). Whether the district's ownership and maintenance of a park or recreation facility will serve a District purpose would require the investigation and resolution of the particular facts concerning the park or recreation facility, which is beyond the opinion process. *See* Tex. Att'y Gen. Op. Nos. GA-0637 (2008) at 5 (stating that the investigation and resolution of facts are outside the scope of the opinion process), DM-420 (1996) at 6 (concluding that whether a flood control district is authorized to make certain recreational and environmental improvements requires the governing body, in the first instance, to make the necessary factual determinations).

The request letter also states that the City has incurred bond indebtedness to make improvements at the park, and the letter asks broadly whether the District is authorized to assume the indebtedness or otherwise pay for it. Request Letter at 2. The request letter does not provide any details about the indebtedness or the transaction envisioned and expresses only one specific concern—the effect of article XVI, section 59, subsection (c-1) of the Texas Constitution. *Id.* Subsection (c-1) grants districts located in certain counties the authority to develop and finance parks and recreational facilities with taxes and bond indebtedness, but as the request letter notes, it does not mention Aransas County. However, while subsection (c-1) does not grant additional authority to the District, by its terms it does not limit the authority a district would otherwise have with respect to parks and recreational facilities. TEX. CONST. art. XVI, § 59(c-1) (stating that "[t]his subsection expands the authority of the Legislature with respect to certain conservation and reclamation districts and is not a limitation on the authority of the Legislature with respect to conservation and reclamation districts and parks and recreational facilities pursuant to this section as that authority existed before September 13, 2003").

The request letter does not raise any other specific issue regarding its bond indebtedness question, and we will not speculate about the myriad issues that, depending on the particular facts, might arise from such a transaction. We express no opinion on any limitation that may exist apart from article XVI, section 59(c-1). Nor do we express any opinion about the District's financing authority in general or the legality of any financing arrangement in particular.

## S U M M A R Y

The Aransas County Navigation District is authorized to have and maintain parks and recreation facilities to the extent necessary or incidental to navigation of inland or coastal waters, or in aid of the conservation and other purposes set forth in section 62.101 of the Water Code.

By its terms, Texas Constitution article XVI, section 59, subsection (c-1) does not limit the authority a conservation and reclamation district would otherwise have with respect to the development and financing of parks and recreational facilities. We express no opinion on other limitations that may exist on the District's authority or on the legality of any particular financing arrangement.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee